Richard D. Pomeroy
529 W. 75th Ave., #1
Anchorage, Alaska 99518
(907) 952-8055

**Pro-Se Litigant**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| RICHARD D. POMEROY ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| V. ) | |
| ) | Case No. 3:06-CV-00099 TMB |
| BARBARA BRINK, Supervisor Alaska ) | |
| Public Defender Agency; GARY ) | COMPLAINT |
| SOBERAY; Assistant Public Defender; ) | (Civil and Constitutional Rights |
| JEFF MAHLEN Assistant Public ) | Violations, and Related federal |
| Defender, ) | And State Law Claims) |
| ) | |
| Defendant(s) ) | **JURY DEMAND** |
| ) | |

Superior Court No. 3AN-05-3284 CI
Alaska Supreme Court No. S-11858

## NATURE OF CASE

This is an action for money damages against attorneys Barbara Brink, Supervisor Alaska Public Defender Agency, Gary Soberay, Assistant Public Defender, and Jeff Mahlen, Assistant Public Defender, all officers of the State of Alaska while acting in [t]heir 'individual and official capacity' intentionally with deliberate intent to cause plaintiff (Pomeroy) harm violated and deprived plaintiff of inherit federal and state constitutional rights, when withholding of evidence and other pertinent information

Complaint/
Page 1 of 12

during pre-indictment and pre-trial proceedings in criminal case 3AN-S02-10469 *State v. Pomeroy.*

Pomeroy has **exhausted all State remedies** and now seeks relief in this federal court for the deprivation of plaintiff's federal constitutional rights by defendant's.

On November 12,2002, plaintiff was charge (without indictment) with four state felony counts. The state charges were based on no more than 'hearsay' allegations. To defend against the state charges, plaintiff (Pomeroy), needed and had a constitutional right to any and all state evidence to be able to dispute and challenge the state charges during the initial pre-trial stage. However, the defendants, without cause or justification choose not to disclose evidence to plaintiff, in turn depriving plaintiff of his constitutional rights to due process, equal protection under the law, and right to a speedy trial.

On December 28, 2004, plaintiff filed a **'bivins-type'** civil complaint with the superior court for the state of Alaska, see case 3AN-05-4184, with plaintiff making claims defendant's actions and inactions caused plaintiff (Pomeroy) inherit federal and state constitutional rights to be interfered and/or obstructed with. Plaintiff 'amended complaint' in above-mention case on January 27,2005. On January 27, 2005, defendant's move the court for summary judgment under civil procedure 12 (b)(6). On February 22,2005, without the superior court judge permitting plaintiff the opportunity to present facts and evidence to support plaintiff's causes of actions, or

Complaint/
2 of 12

<u>taking into consideration plaintiff's opposition motion</u> to the defendant's request for summary judgment, nor without a hearing being held, granted the defendant's motion for summary judgment.

On about March 3,2005, plaintiff file a 'Notice of Appeal' with the Supreme Court for the State of Alaska, case S-11858, with plaintiff's points of appeal being that plaintiff has constitutional rights to due process and equal protection under the law to present facts and evidence during summary judgment proceeding, and had plaintiff been permitted to establish facts and present evidence) would have clearly established enough facts to support plaintiff's causes of actions in the complaint, that the defendant's intentionally obstructed and/or interfered with plaintiff's constitutional rights, as define under Alaska Statute 11.76.110, which the state basing this law on the consolidation of two existing federal statutes, 18 U.S.C. 241 and 242 (1970).

On January 18,2006 the Alaska Supreme Court entered a final judgment, affirming the superior courts ruling, however, in this final ruling the supreme court did not address or make any ruling on plaintiff's 'points of appeal' nor address any of the federal constitutional right violation claims, only to mention plaintiff has a 'alternative avenue' for any constitutional right violations caused by plaintiff's attorneys during criminal proceedings, this to be post-conviction relief.

Plaintiff applies and uses **'bivins-type'** approach when defendant's deprived, interfered with, obstructed and abridged plaintiff of [h]is federal fourth and fourteenth

Complaint/
Page 3 of 12

amendment inherit constitutional rights, by the unlawfully withholding of evidence from plaintiff during the crucial pre-indictment stage of criminal proceedings. The harm to plaintiff was substantial, as once plaintiff was deprived of the right to challenge state evidence, this harm can never be reversed. The defendant's while 'using their official capacity' while acting in their individual capacity when withholding of evidence from plaintiff was intentional malicious, and unreasonable, causing plaintiff to suffer loss of employment, (to be seventeen years with the federal government), cause extreme emotional distress; obstructed plaintiff's right to fair and meaningful pre-trial hearings, and cause plaintiff to lose [h]is home, plaintiff's and [h]is children personal possessions.

**PLAINTIFF ALLEGES;**

### JURISDICTION AND VENUE

1) This civil cause of action is brought pursuant to the Fifth, Six and Fourteenth Amendments to the United States Constitution, and pursuant to the right to collect damages under a **'bivins-type'** claim. Jurisdiction is founded under 18 U.S.C. sections 241 and 242 (civil right violations), 18 U.S.C. sections 1331, 1343, and 67 C.J.S sections 250 thru 264. Plaintiff further invokes the courts supplemental jurisdiction to hear claims arising under state law, the amount in controversy exceeds $50,000.

2) The material actions occurred in the third judicial district of the state of

Complaint/
Page 4 of 12

Alaska in Anchorage Alaska. Therefore, venue is proper in the third judicial district of Alaska.

**PARTIES**

3) Plaintiff, Richard D. Pomeroy, is and at all material times was and is a citizen of the United States, and a resident of Anchorage Alaska.

4) Defendant(s), Barbara Brink, Gary Soberay, and Jeff Mahlen, was and are at all material times judicial officers of the third judicial district of Alaska, and residents of the state of Alaska.

**GENERAL ALLEGATIONS**

5) On November 12, 2002, plaintiff was charge (without indictment) with four state felony counts. The state charges were base on hearsay information with no physical evidence to support state charges. Plaintiff was incarcerated for two (2) years and ten (10) months. At the time of incarceration, on four separate occasions plaintiff was assign four (4) separate attorneys from the office of public defenders, three of which are the above-mention defendant's. A fifth and final attorney from the office of public advocacy was assign to represent plaintiff. Furthermore, plaintiff during judicial proceedings was forced to represented [h]imself as Pro-Se when it became evident by the conduct of the public defenders that they did not have plaintiff (Pomeroy) best interest in mind.

6) On November 14, 2002, plaintiff was interviewed by defendant Jeff

Complaint/
Page 5 of 12

Mahlen (who is not a trial attorney), and position is to help the state to get citizens to accept plea agreements. Defendant Mahlen failed to disclose to plaintiff any discovery to support state charges, failed to inform (Pomeroy) of his right to a speedy trial and entitlement under Alaska Rules of Criminal Procedures, Rule 5 and 5.1 to a preliminary examination/hearing to contest and/or challenge any state evidence the state base it charges on. Plaintiff did not give permission to defendant Mahlen to wave Plaintiff's state and federal constitutional rights, nor was plaintiff fully inform of these constitutional rights.

7) Other misconduct consisted of defendant Mahlen recieving discovery, requesting copies be made for plaintiff, and choosing not to disclose to plaintiff, as documented in the voice mail notes dated December 4, and 6, of 2002, which plaintiff receive when representing [h]imself. These voice mail notes also clearly establish defendant Brinks role as supervisor and plaintiff attempts to communicate with defendant Brink, only to be ignored. Defendant Mahlen deliberate 'official misconduct' perpetrated against plaintiff was to keep Pomeroy in a vulnerable situation, when attempting to get Pomeroy to take a plea agreement.

8) Further harm was committed against Pomeroy when defendant Barbara Brink, supervisor for the public defender agency, assign Valerie Leonard to plaintiff's case, knowing this attorney was ineffective, as this attorney was retiring from the agency, and would be out of town for up to five (5) weeks on a murder trial. Not only

was this attorney ineffective, this attorney was not present to represent plaintiff during two pre-trial hearings. Plaintiff constitutional right to effective assistance of counsel was also violated by the above mention actions and inactions of defendant Brink.

9) More harm was committed against Pomeroy when [h]e sent letters on April 2, 24.30, of 2003, and May 7,2003, requesting informing from defendant Brink, with Ms. Brink refusing to respond. On May12,2003, plaintiff sent a **'Freedom of Information Act Request'** requesting all documents, notes, reports, memoranda, correspondence, and any and all other tangible items relating to Pomeroy's criminal case, defendant Brink neglected to respond.

10) Defendant Brink appointed defendant Gary Soberay on about May 1,2003. From this moment forward and up to November 17,2003, [when Pomeroy was forced to represent [h]imself], as this attorney attempted to proceed to trial without first obtaining full discovery, and without being prepared, this attorney was also ineffective in every aspect as a criminal defense attorney as further allege in this complaint.

11) The most minimal and fundamental legal duties as per the nature of defendant Soberay's position as a public servant, is to disclose any and all information to plaintiff (Pomeroy), pertaining to the criminal case, this to be, to disclose final orders, rulings, objections, from the court and prosecutor's office to ensure Pomeroy's constitutional rights of the accuse are protected and not interfere with and that

Richard D. Pomeroy
529 W. 75th Ave., #1
Anchorage, Alaska 99518
(907) 952-8055

Complaint/
Page 7 of 12

Pomeroy could make fully informed decisions, and to file motions to dismiss on behalf of Pomeroy. Defendant Soberay failed in all of these duties, in turn causing a interference and obstruction with the constitutional right of the accuse, due process and equal protection under the law, right to access the court, right to appeal a final decision by a judge, right to challenge states evidence and witness testimony, to name a few.

12) There was much misconduct by defendant Soberay. Plaintiff herein brings forward a portion of the 'critical' official misconduct that cause plaintiff to be harmed. On June 2, 2003, plaintiff informed Soberay that in fact the states number one hearsay witness was in fact a fugitive from justice, wanted in other states for crimes of fraud, thief, and larceny and has use other aliases, (as to date this witness fled the state of Alaska on warrants for child neglect). Pomeroy requested Soberay to request a hearing to attack the credibility of the states star witness. Soberay refuse. Soberay further interfered and cause damage to Pomeroy when during 404 (b) witness proceedings and after Pomeroy was incarcerated for seven (7) months, the state file a 404 (b) application. Without objecting, Soberay permitted the state to present the states evidence to the judge, with Soberay knowing there was exculpatory evidence that completely exonerated Pomeroy. Because Soberay was ineffective during 404 (b) proceedings the judge made a one-sided decision, this in turn causing Pomeroy's constitutional right to a fair and meaningful hearing to be interfered with. One of the basic functions of any defense attorney is to file pleadings and/or motions on behalf of

Complaint/
Page 8 of 12

the client. On numerous occasions Pomeroy requested Soberay to file numerous motions to dismiss, these to be, a) Motion to dismiss indictment, pursuant to Alaska Rules of Criminal Procedure, Rule 6 (q), for the failure of the prosecutor to inform the grand jurors of 'medical examination' conducted on allege victim, (exculpatory in nature), b) Motion to dismiss pursuant to Alaska Rules of Criminal Procedure, Rule 5 and 5.1, for violations of Pomeroy's right to a preliminary examination hearing to challenge states evidence, prior to indictment, c) Motion to dismiss pursuant to federal law U.S.C. sections 2510-2520, for the states unlawful release of 'privilege information' from the interception of an electronic communication to the public, that the state base their case on, d) Motion to dismiss, on grounds of speedy trial right violations, when the state on numerous occasions withheld evidence from the defense.

13) Other harm cause to plaintiff by defendant Soberay, consisted of Soberay refusing to send court orders and other pleadings to Pomeroy in a timely manner as not to violate Pomeroy's right to access the court, and right to appeal, as there is a time limit for submitting appeals.

14) These negligent acts perpetrated against Pomeroy by defendants were deliberate and intentional, which cause Pomeroy's state and inherit federal constitutional rights to be interfere and/or obstructed with, as plaintiff can not reverse the hands of time, nor reverse the actions and inactions of the defendants when forever causing harm to plaintiff.

Complaint/
Page 9 of 12

Richard D. Pomeroy
529 W. 75th Ave., #1
Anchorage, Alaska 99518
(907) 952-8055

15) As the legal right to recover damages authorize under **'bivins-type'** claims, plaintiff herein claims recovery of civil damages in the amount of $4,000,000 million, per defendant, and as brought forward in plaintiff's original complaint filed with the superior court.

## FIRST CLAIM FOR RELIEF

(Deprivation of Plaintiff's Civil and Constitutional Rights)

16) Plaintiff realleges paragraphs 1 through 15, above into this first cause of action.

17) That the actions alleged above deprived plaintiff of the following rights under the United States Constitution;

    a. Right to effective assistant of counsel;

    b. Right to due process of the law;

    c. Right to equal protection under the law;

    d. Right to access the court;

    e. Right to fair and meaningful hearings;

    f. Right to appeal;

    g. Right to a speedy trial.

## SECOND CLAIM FOR RELIEF

(Official Misconduct and Interference With Constitutional Rights)

Complaint/
Page 10 of 12

Richard D. Pomeroy
529 W. 75th Ave., #1
Anchorage, Alaska 99518
(907) 952-8055

18) Plaintiff realleges paragraph 1 through 17, above into this second cause of action.

19) As summarized above, defendants actions and inactions constituted <u>official misconduct</u> as define under Alaska Statute, Section 11.56.850, that is consistent with federal law 67 C.J.S sections 250 thru 264, and Alaska Statute, Section 11.76.110, <u>Interference with constitutional rights</u>, with this section consolidating two existing federal statutes based on 18 U.S.C. section 241, and 242 (1970). When the defendants deprive plaintiff of [h]is civil and constitutional rights this in turn cause the defendants to be in violation of the above-mention Alaska and federal statutes.

## THIRD CAUSE OF ACTION

(Actions and Inactions of Defendants Cause a Fraud to be Committed Against Plaintiff)

20) Plaintiff realleges paragraph 1 through 19, above into this third cause of action.

21) At all times material herein, the negligent acts of the defendants not to produce and disclose evidence to plaintiff 'within a reasonable time after arrest', to justify the State of Alaska holding plaintiff incarcerated, constituted a fraud against plaintiff.

Complaint/
Page 11 of 12

Richard D. Pomeroy
529 W. 75th Ave., #1
Anchorage, Alaska 99518
(907) 952-8055

## FOURTH CAUSE OF ACTION

(Intentional Infliction of Emotional Distress)

22) Plaintiff realeges paragraph 1 through 21 above, into this forth cause of action.

23) At all times material herein, the acts and omission of defendant were undertaken with deliberate intention to cause plaintiff to suffer extreme emotional distress.

WHEREFORE, Plaintiff prays for judgment as follows;

a. Compensatory and consequential damages in excess of $3,000,000 million per defendant;

b. Punitive damages in excess of $1,000,000 million, per defendant;

c. Pro-Se Attorney fees incurred herein against defendants, and

d. Such other additional relief as the court may deem just and equitable.

Dated this 25th, day of, April ,2006, at Anchorage Alaska.

Respectfully Submitted,

By: _____
Richard D. Pomeroy
Pro-Se Counsel

Complaint/
12 of 12

Richard D. Pomeroy
529 W. 75th Ave., #1
Anchorage, Alaska 99518
(907) 952-8055