IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| RICHARD D. POMEROY,<br><br>    Plaintiff,<br><br>vs.<br><br>BARBARA BRINK, et al.,<br><br>    Defendants. | Case No. 3:06-cv-00099-TMB<br><br>O R D E R |

On April 28, 2006, Richard D. Pomeroy, representing himself, filed what he has classified as a civil rights complaint against three state public defenders.[1] Mr. Pomeroy has paid the filing fee in this case, and summonses have been issued.

## Jurisdiction

As a federal court, this Court is a court of limited, as opposed to general, jurisdiction; it has authority to hear only specified classes of cases. It is Mr.

---

[1] *See* Docket No. 1. Although Mr. Pomeroy states that his complaint seeks damages under a "'bivens-type [sic] claim," he does not list any federal defendants, as required for a *Bivens* action. *See Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).

Pomeroy's burden, as the plaintiff, to show that **this Court** has jurisdiction to hear the claims.[2] As explained by the United States Supreme Court, 42 U.S.C. § 1983 "is not itself a source of substantive rights, but a method for vindicating federal rights elsewhere conferred."[3] This Court is not a court of appeals for state court decisions. That is, Mr. Pomeroy cannot appeal an adverse state court decision to this Court.

Mr. Pomeroy is cautioned that if, in fact, he is challenging the fact or duration of his confinement, he may not do so through a civil rights action. Instead, habeas corpus is his exclusive remedy:

> [W]hen a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.[4]

Further, "[t]he fact that [a plaintiff] seeks money damages . . . as a remedy does not alter this conclusion."[5]

---

[2] See *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994); *Hunter v. Kalt*, 66 F.3d 1002, 1005 (9th Cir. 1995).

[3] *Baker v. McCollan*, 443 U.S. 137, 144 n. 3 (1979)

[4] *Heck v. Humphrey*, 512 U.S. 477, 487 (1994); *Cunningham v. Gates*, 312 F.3d 1148, 1153 (9th Cir. 2002), quoting *Heck*, 512 U.S. at 487 n. 6 ("In evaluating whether claims are barred by *Heck*, an important touchstone is whether a § 1983 plaintiff could prevail only by negating 'an element of the offense of which he has been convicted.'"); see also *Martin v. Sias*, 88 F.3d 774 (9th Cir. 1996), **extending *Heck v. Humphrey* to federal prisoners and *Bivens* actions**.

[5] See *Wilkinson v. Dotson*, 125 U.S. 1242, 1248 (2005) ("a state prisoner's § 1983 action is barred (absent prior invalidation) -- no matter

Mr. Pomeroy alleges that, during the course of his state criminal proceedings, three public defenders "withh[eld] evidence from [him which] was intentional, malicious, and unreasonable, causing [Mr. Pomeroy] to suffer loss of employment ... extreme emotional distress, [and] obstructed [his] right to fair and meaningful pre-trial hearings, [causing him] to lose his home ... [and] possessions."[6]  However, as the Supreme Court has explained, if a plaintiff's claim "for declaratory relief and money damages ... necessarily [implies] the invalidity of the punishment imposed, [it] is not cognizable under § 1983."[7]  Therefore, if Mr. Pomeroy is challenging the fact or duration of his confinement, he should file a petition for writ of habeas corpus, after fulling exhausting his state court remedies from any criminal conviction.[8]

Mr. Pomeroy is further cautioned that, a public defender is "as a matter of law, ... not a state actor,"[9] for purposes of bringing a civil rights action.  To bring a civil

---

the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) -- *if* success in that action would necessarily demonstrate the invalidity of confinement or its duration."); *Butterfield v. Bail*, 120 F.3d 1023, 1025 (9th Cir. 1997).

[6] Docket No. 1 at 4.

[7] *Edwards v. Balisok*, 117 S.Ct. 1584, 1589 (1997).

[8] *See* 28 U.S.C . § 2254(b); *see also Custer v. Hill*, 378 F.3d 968, 974-75 (9th Cir. 2004) (petitioner must exhaust his state court remedies up through the state supreme court).

[9] *See Miranda v. Clark County, Nevada*, 319 F.3d 465, 468 (9th Cir. 2003).

rights claim in this Court, Mr. Pomeroy must show "(1) that the conduct complained of was committed by a person acting under **color of state law**; and (2) that the conduct deprived the plaintiff of a constitutional right."[10]

**IT IS HEREBY ORDERED**:

1. Under the Federal Rules, Mr. Pomeroy must complete initial service of the complaint and summons **no later than August 26, 2006**, and promptly file a return of service with the Court, showing proof of service on the defendants. Otherwise, his complaint may be dismissed, as to any unserved defendants, without further notice.[11]

2. Mr. Pomeroy must follow the Federal Rules of Civil Procedure[12] and the Local Rules for the District of Alaska in serving the defendants.

3. After service of the initial summons and complaint, all future papers to be filed with the Court must be identified with the name of the Court, Case No. 3:06-cv-00099-TMB, the names of the plaintiff and the first defendant, and the title of the document, as illustrated on the first page of this Order.

---

[10] *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990) (citations omitted) (emphasis added).

[11] FED. R. CIV. P. 4(m).

[12] *See, e.g.,* FED. R. CIV. P. 4(c). (service "by any person who is not a party and who is at least 18 years of age"); and 4(d) (waiver of service by a defendant).

4. After service of the initial complaint and summons, Mr. Pomeroy shall serve a copy of all <u>future</u> pleadings or documents he sends to the Court upon the defendants or, if an appearance has been entered by counsel for defendants, on defendants' attorney(s).  Mr. Pomeroy shall include, with any original paper to be filed with the Clerk of Court, a certificate stating the date that an exact copy of the document was mailed, faxed or hand-delivered to the defendants or their counsel.  A certificate of service may be written in the following form at the end of his document:

> I hereby certify that a copy of the above <u>  (name of document)  </u> was served upon <u>  (name of opposing party or counsel)  </u> by <u>  (mail/fax/hand-delivery)  </u> at <u>    (address)    </u> on <u>   (date)   </u>.
>
> _____
> (Mr. Pomeroy's Signature)

Any paper received by a District Court Judge or Magistrate Judge which has not been filed with the Clerk of Court or which does not include a certificate of service will be disregarded by the Court.

5. Mr. Pomeroy shall provide the Court with the original, plus one complete and legible copy, of every paper he submits for filing, as required by this Court's Local Rule 10.1(b).

6. No party shall have any *ex parte* communication (that is, communication without the presence and/or knowledge and consent of the other parties) with a District Court Judge or Magistrate Judge of this Court about the merits of this action.  Mr. Pomeroy should not write letters to the Court, but must file

any requests for action by the Court during these proceedings in the form of a motion.

7. The Clerk of Court is directed to send a copy of the Court's motion form, PS12, to Mr. Pomeroy with this Order.

8. At all times, Mr. Pomeroy shall keep the Court informed of any change of address, by filing a notice titled "NOTICE OF CHANGE OF ADDRESS." The notice shall contain only information about the change of address, and its effective date. The notice shall not include any requests for any other relief. Failure to file the notice may result in the dismissal of the action for failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure.

9. The Clerk of Court is directed to send a copy of our *pro se* handbook, "Representing Yourself in Alaska's Federal Court," to Mr. Pomeroy with this Order.

DATED this 15th day of May, 2006, at Anchorage, Alaska.

/s/TIMOTHY M. BURGESS
United States District Judge