DAVID W. MÁRQUEZ
ATTORNEY GENERAL

Venable Vermont, Jr.
Assistant Attorney General
Office of the Attorney General
1031 W. 4th Ave., Suite 200
Anchorage, Alaska  99501
Telephone: (907) 269-5190
Fax: (907) 258-0760
Email: TWC_EFC@law.state.ak.us

Attorney for Defendants

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | | |
|---|---|---|
| RICHARD D. POMEROY, | ) | |
| | ) | |
| Plaintiff, | ) | Case No.: 3:06-cv-00099-TMB |
| | ) | |
| v. | ) | |
| | ) | |
| BARBARA BRINK; Supervisor Alaska Public Defender Agency; GARY SOBERAY; Assistant Public Defender; and JEFF MAHLEN; Assistant Public Defender, | ) ) ) ) ) | **DEFENDANTS' MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM** |
| | ) | |
| Defendants. | ) ) | |

The defendants are two assistant public defenders and the former head of the Alaska Public Defender Agency, sued in their individual and official capacities.  All were involved in the representation of plaintiff Richard D. Pomeroy as he faced state criminal charges in 3AN-S02-10469 CR.  Pomeroy has filed what he characterizes as a "*Bivin*-type" (sic) complaint for violation of his federal constitutional rights.  Pursuant to Federal Rule of

Civil Procedure 12 (b)(6), the defendants now move for dismissal of the complaint for failure to state a claim because 1) a federal *Bivens* claim may only be filed against federal defendants; 2) if this is meant to be a 42 U.S.C. § 1983 claim, the actions of state public defenders are not actions taken under color of state law for purposes of that remedy; 3) if Pomeroy truly means for this to be a *Bivens*-type claim, for violation of constitutional rights under the Alaska Constitution then a) he has already brought this claim in the courts of Alaska and lost – he is thus barred by claim preclusion from bringing it again, and b) this federal court has no jurisdictional basis to hear this state claim either "originally" or as an appeal from the Alaska Supreme Court; 4) no matter how the claim is delineated, and no matter what the remedy sought, under *Heck v. Humphrey* and analogous cases, this court has no jurisdiction to hear the claim unless Pomeroy can show that his prior conviction has been invalidated; and 5) there does not appear to be any other jurisdictional basis in federal court for this or any other claim that Pomeroy is attempting to bring.

## APPLICABLE STANDARDS

Under Federal Rule of Civil Procedure 12(b)(6), a party may move to dismiss an opposing party's claim for relief on the ground that it is not based on a cognizable legal theory or does not allege facts sufficient to support a cognizable legal theory.[1] In reviewing a Rule 12(b)(6) motion, the court will take as true the complaint's factual allegations and

---

[1] *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990) (citation omitted).

construe them in the light most favorable to the nonmoving party.[2] The court will examine conclusory allegations to determine whether they follow from the facts alleged.[3] The court will dismiss a claim only if it is beyond doubt that the party pleading the claim will not be able to prove facts that would entitle it to relief.[4] A pro se litigant's complaint "should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."[5]

### FACTS FROM THE COMPLAINT

For purposes of a Civil Rule 12(b)(6) motion, under the applicable standards the facts as alleged in the complaint are assumed to be true and are to be construed in the light most favorable to Pomeroy.

The complaint establishes that the defendants Soberay and Mahlen were assistant public defenders, and defendant Brink was the "supervisor" of the Alaska Public Defender Agency. Complaint, p. 1. They deliberately and intentionally caused harm to Pomeroy during their representation of him in 3AN-S02-10469 CR, *State v. Pomeroy*, a state criminal prosecution. Comp., pp. 1-2. The defendants deprived Pomeroy of his

---

[2]   *Vignolo v. Miller*, 120 F.3d 1075, 1077 (9th Cir. 1997) (citation omitted).

[3]   *Holden v. Hagopian*, 978 F.2d 1115, 1121 (9th Cir. 1992) (quoting *Brian Clewer, Inc. v. Pan Am. World Airways, Inc.*, 674 F. Supp. 782, 785 (C.D. Cal. 1986)).

[4]   *Vignolo*, 120 F.3d at 1077 (citation omitted).

[5]   *Hughes v. Rowe*, 449 U.S. 5, 10 (1980) (citing *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972)).

constitutional rights to due process, equal protection, and speedy trial by failing to disclose evidence to him, Comp., p. 2, and taking, or failing to take, other actions as described by Pomeroy: failing to disclose evidence and rights, waiving rights, being ineffective as counsel, and by failing to obtain full discovery, prepare for trial, disclose rulings and orders from the court, request evidentiary hearings, and file motions, among other things. Comp., pp. 5-9. For these violations, Pomeroy seeks millions of dollars in damages per defendant. Comp., p. 12.

## FACTS FROM THE PUBLIC RECORD

In a Civil Rule 12(b)(6) context, a district court can consider materials from the public record without converting the motion into one for summary judgment.[6] The public record, demonstrated by the attached documents, establishes the following: plaintiff Richard Pomeroy was charged with state criminal charges in 3AN-S02-10469 CR. Comp., pp. 1-2. On September 13, 2005, the state filed a "Notice of Plea Agreement" in superior court for the State of Alaska. R., pp. 1-4.[7] In that document, Pomeroy agreed to plead no contest to one

---

[6] *Shaw v. Hahn*, 56 F.3d 1128, 1129 n. 1 (9th Cir. 1995) (court may take judicial notice of Judge's order and may look beyond the plaintiff's complaint to matters of public record in deciding whether to dismiss a claim under Fed. R. Civ. P. 12(b)(6)); *Mack v. South Bay Beer Distribs., Inc.*, 798 F.2d 1279, 1282 (9th Cir. 1986) (district court's consideration of state administrative records to determine whether an agency decision had collateral estoppel effect did not convert defendant's 12 (b)(6) motion to one for summary judgment).

[7] Because these exhibits come from a variety of sources and have a variety of numbering systems at the bottom, the defendants here will use R., p. __ as the record cite; the pages that are attached here are numbered consecutively.

count of assault in the third degree. R., p. 1. On that same day, Pomeroy entered his no contest plea before Superior Court Judge Larry D. Card, was sentenced according to the plea agreement, and a judgment was issued by the court. R., pp. 5-10.

While his criminal case was pending, Pomeroy sued his public defenders – the same three who are defendants here – for the same basic claim as here, violation of state and federal constitutional rights. *See*, Amended Complaint, in 3AN-05-4284 CI, R., pp. 11-15. The Amended Complaint was accepted, R., p. 16, and then following a motion by the defendants, was dismissed by Superior Court Judge William F. Morse on February 22, 2005. R., p. 17. Final judgment was issued by Judge Morse on March 10, 2005. R., pp. 18-19.

Pomeroy then appealed; the Alaska Supreme Court issued Memorandum Opinion and Judgment No. 1235, on January 18, 2006 (cited hereinafter as *Pomeroy*) and affirmed the superior court's dismissal. R., pp. 20-25.

In the meantime, Pomeroy tried to appeal his conviction that resulted from his plea, arguing that his constitutional rights were violated because his attorneys withheld exculpatory evidence and because he was not allowed to have an evidentiary hearing to present evidence that the prosecutor intentionally withheld critical evidence from the defense. R., pp. 26-27. On January 13, 2006 the Alaska Court of Appeals issued an order, through its clerk, dismissing the "appeal" as "inappropriate" and directing Pomeroy to apply for post-conviction relief under Alaska Criminal Rule 35.1 if he wanted to pursue these issues. R., pp. 26-27.

Pomeroy sought reconsideration. On February 10, 2006, the Alaska Court of Appeals denied reconsideration, affirmed dismissal of the appeal, and again directed Pomeroy to post-conviction relief in superior court, where an evidentiary hearing could be held. R., pp. 28-30.

Pomeroy is currently pursuing post-conviction relief in case no. 3AN-06-06790 CI. That case was filed on April 11, 2006 and is pending before Superior Court Judge Philip R. Volland.[8]

On these facts the public defenders move for dismissal of all claims on a variety of theories.

## ARGUMENT

**I.    If Pomeroy means for this lawsuit to be a *Bivens* action, it must be dismissed because these defendants are not federal employees.**

A *Bivens* action allows direct claims under the United States Constitution for violations of rights by federal employees.[9] These public defenders are state employees, as the complaint alleges, and thus Pomeroy has made no cognizable claim under *Bivens*.

---

[8]    This information comes from the Alaska Court System website under its Courtview case tracking system. No documents are attached here, but the issues are the same – ineffective assistance of counsel based on withholding evidence and failure to seek a hearing relating to exculpatory evidence.

[9]    *Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics*, 403 U.S. 388, 396-97 (1971).

**II.    The actions of public defenders in representing their clients are not taken under color of state law for 42 U.S.C. § 1983 actions.**

If Pomeroy means for his claims for violation of his federal constitutional rights to be brought under 42 U.S.C. § 1983, which is the mechanism for validating federal constitutional rights after their violation by state actors, then the claim must be dismissed because the actions of public defenders in representing criminal defendants in state criminal prosecutions are not taken "under color of state law" for purposes of § 1983.[10] Pomeroy's complaints are against the defenders arising out of their "traditional functions" as lawyers – finding and sharing and discussing evidence, making motions, conducting hearings, counseling whether to plead or to go to trial, communicating with the client, etc. – and thus the claim here is squarely prohibited by *Polk Co*.[11]

**III.   This lawsuit must be dismissed because the federal court has no jurisdiction to hear a "*Bivens*-type" claim.**

Alaska has yet to recognize a "*Bivens*-type" claim, which is a claim analogous to a *Bivens* claim but one brought directly under the Alaska Constitution for violation of state constitutional rights by state employees.[12] One of the primary reasons Alaska has failed to recognize these claims is that there is generally an alternative avenue to remedy any harm

---

[10]   *Polk Co. v. Dodson*, 454 U.S. 312, 325 (1981).

[11]   *Id*.; *Miranda v. Clark Co. Nevada*, 319 F.3d 465, 468 (9th Cir. 2003).

[12]   *Pomeroy*, R., p. 23, *citing McGrew v. State, Dep't of Health & Soc. Servs., Div. of Family & Youth Servs.*, 106 P.3d 319, 324 (Alaska 2005).

caused by the government's conduct.[13]  Indeed, in *Pomeroy*, the Alaska Supreme Court again rejected recognition of such a cause of action because Pomeroy had brought the claim before his criminal trial was to begin.[14]  Both the trial and the pretrial criminal process in his existing case gave Pomeroy "alternative avenues" for remedying any constitutional claims he might make against his attorneys.  In addition, he would have both direct appeal and post-conviction relief actions for ineffective assistance of counsel claims.[15]

That is still true.  Even though Pomeroy has been convicted by his plea, and has no appeal because it was not part of his plea agreement, R., pp. 26-27, he still has available to him a post-conviction relief action to address his assertions of ineffective assistance of counsel.  That action is underway.

There is only a limited, permissive jurisdictional basis in this federal district court to hear a supplemental claim unattached to any valid jurisdiction-conferring federal claim,[16] and no jurisdiction to hear it in the nature of an appeal from the Alaska Supreme

---

[13]   *Id.*

[14]   R., p. 23.

[15]   *Id.*

[16]   *See* 28 U.S.C. § 1367 (c), which provides that a district court "may" decline to exercise supplemental jurisdiction where all claims over which it has original jurisdiction have been dismissed; and *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966) ("if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well.").

Court.[17] In addition, Pomeroy has brought this claim already; he has lost it in the state trial court and in the Supreme Court of Alaska, and he is thus now estopped from bringing it again except in the post-conviction relief context.[18] Pomeroy simply cannot bring this *Bivens*-type claim, if such it is, here.

### IV.   This claim is barred by *Heck v. Humphrey*.

In *Heck v. Humphrey*, the United States Supreme Court held that a prisoner could not bring a § 1983 claim for damages if an award in the prisoner's favor would "necessarily imply the invalidity of the conviction or sentence."[19] The complaint containing such a claim must be dismissed unless the prisoner can demonstrate that the "conviction or sentence has already been invalidated."[20] That the plaintiff seeks money damages as opposed

---

[17]   Under the *Rooker-Feldman* doctrine, federal district courts do not have jurisdiction to review a decision rendered by a state court. *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983). While Pomeroy here does not phrase his action as an appeal, the complaint is functionally the same as that brought in superior court in the state, dismissed, and affirmed by the Alaska Supreme Court. *Compare* Complaint with R., pp. 11-15.

[18]   Even though Pomeroy did not use "*Bivens*-type" to describe his claims in his amended complaint in state court, R., pp. 11-15, he did so in his briefing to the Alaska Supreme Court. R., p. 22. That court took him at his word, characterized his claims as he did, and rejected them. R., p. 22. Thus, if <u>this</u> complaint is truly a "*Bivens*-type" claim, it has already been litigated and is subject to simple *res judicata*, or claim preclusion.

[19]   512 U.S. 477, 487 (1994).

[20]   *Id.*

to release from prison does not change the outcome.[21]  The *Heck* holding extends to *Bivens* actions as well.[22]

Thus, no matter how Pomeroy characterizes his claim – § 1983, *Bivens*, *Bivens*-type, or something else – the principle is well established that he cannot pursue a money damages remedy for "ineffective assistance of counsel," which is what this complaint is really about, until he has had his conviction invalidated.  Pomeroy has not pled that he has; the public record shows that his attempt is still underway.  At the very least, the complaint is premature and must be dismissed.

V. **Pomeroy has not demonstrated any other independent basis for federal court jurisdiction for this complaint.**

As the plaintiff, Pomeroy has the burden of establishing jurisdiction to hear his claims in the district court, a court of limited jurisdiction.[23]

On his civil cover sheet, Pomeroy alleges a cause of action under 18 U.S.C. §§ 241 and 244.  But these are criminal statutes that provide for jail time and fines, not civil causes of action with jurisdiction in the district court.  18 U.S.C. § 1343, which he also cites,

---

[21] *Wilkinson v. Dotson*, 125 U.S. 1242, 1248 (2005); *Butterfield v. Bail*, 120 F.3d 1023, 1025 (9th Cir. 1997).

[22] *Martin v. Sias*, 88 F.3d 774 (9th Cir. 1996) ("We join the other federal circuits that have addressed this issue and hold that the rationale of *Heck* applies to *Bivens* actions.").

[23] *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994); *In Re Hunter*, 66 F.3d 1002, 1005 (9th Cir. 1995).

is the same. The defendants are unable to find 18 U.S.C. § 1331.[24] Similarly, 67 C.J.S. §§ 250-264 seems not to be a federal law that the defendants are aware of. Pomeroy restates these citations in the "Jurisdiction and Venue" section of his complaint. Comp., p. 4. They are no more valid there than on the cover sheet. His other characterization – a *Bivens*-type claim asserting violation of the federal constitution – has been addressed above; there is no such claim on these facts and thus no jurisdiction.

As a "second claim for relief," Comp., pp. 10-11, Pomeroy cites to a couple of Alaska Statutes, AS 11.56.850 and AS 11.76.110. But the defendants are unaware of any federal court jurisdiction to hear civil complaints for damages arising out of violation of state criminal statutes. That is all the more true where the Alaska Supreme Court has held that these criminal statutes do not give rise to civil causes of action. *Pomeroy*, R., p.24.

In his third cause of action, Pomeroy claims "fraud," but he again lacks a jurisdictional basis for that claim in this court.

Finally, Pomeroy claims intentional infliction of emotional distress as a fourth cause of action. That is a state tort claim for which, assuming it to be true, there is only supplemental federal jurisdiction in the absence of a valid federal claim. That jurisdiction

---

[24] If this was a "typo" by Pomeroy, and he actually meant 28 U.S.C. § 1331, that statute provides "federal question" jurisdiction. The only "federal questions" that raise claims for violation of federal constitutional rights must be raised via § 1983 or *Bivens*. As demonstrated above, these aren't raised here because of the identity of the defendants and the nature of their work as criminal defense attorneys employed by the Alaska Public Defender Agency. So there are no "federal questions" for § 1331 jurisdiction.

should not be exercised here.

## CONCLUSION

Plaintiff Richard Pomeroy has failed to state cognizable claims and has failed to establish a jurisdictional basis for this court to hear his lawsuit, no matter how he characterizes his claims. The court should dismiss the complaint.

DATED this 25th day of August, 2006 at Anchorage, Alaska.

DAVID W. MÁRQUEZ
ATTORNEY GENERAL

By:  s/ Venable Vermont, Jr.
Assistant Attorney General
Office of the Attorney General
1031 W. 4th Ave., Ste. 200
Anchorage, AK 99501
Phone: (907) 269-5190
Fax:    (907) 258-0760
Venable_Vermont@law.state.ak.us
TWC_ECF@law.state.ak.us
Alaska Bar No. 8306067

This is to certify that on this date, a copy of
the foregoing motion to dismiss is being mailed to:

Richard D. Pomeroy
529 W. 75th Ave., # 1
Anchorage, AK 99518

s/ Venable Vermont, Jr.  8/25/06