NOTICE

*Memorandum decisions of this court do not create legal precedent. See Alaska Appellate Rule 214(d). Accordingly, this memorandum decision may not be cited for any proposition of law or as an example of the proper resolution of any issue.*

## THE SUPREME COURT OF THE STATE OF ALASKA

| | |
|---|---|
| RICHARD D. POMEROY, <br><br> Appellant, <br><br> v. <br><br> BARBARA BRINK, Supervisor, Alaska Public Defender Agency; GARY SOBERAY, Assistant Public Defender; JEFF MAHLEN, Assistant Public Defender, <br><br> Appellees. | Supreme Court No. S-11858 <br><br> Superior Court No. 3AN-05-4284 CI <br><br> MEMORANDUM OPINION AND JUDGMENT* <br><br> [No. 1235 - January 18, 2006] |

Appeal from the Superior Court of the State of Alaska, Third Judicial District, Anchorage, William F. Morse, Judge.

Appearances: Richard D. Pomeroy, pro se, Anchorage. Venable Vermont, Jr., Assistant Attorney General, Anchorage, and David W. Márquez, Attorney General, Juneau, for Appellees.

Before: Bryner, Chief Justice, Matthews, Eastaugh, Fabe, and Carpeneti, Justices.

---

\*     Entered pursuant to Appellate Rule 214.

## I. INTRODUCTION

Richard Pomeroy sued three attorneys at the Alaska Public Defender Agency (the public defenders), alleging that they violated his constitutional rights while representing him in a pending criminal matter. The superior court dismissed his complaint under Alaska Civil Rule 12(b)(6) for failure to state a claim upon which relief can be granted. The primary issue presented here is whether Pomeroy may bring a claim against the public defenders directly under the Alaska Constitution. We conclude that he may not.

## II. FACTS AND PROCEEDINGS

Pomeroy was arrested on November 12, 2002.[1] He was represented by the three defendants, all of whom are attorneys with the Alaska Public Defender Agency. Pomeroy's criminal trial was scheduled to begin September 19, 2005. In January 2005, more than eight months before the scheduled start of his trial, Pomeroy sued the public defenders. His amended complaint alleges that they interfered with his federal and state constitutional rights. It also alleges that they breached their statutory duties and caused him emotional and financial harm. Although the factual basis for these accusations is unclear from the complaint, Pomeroy apparently believes that the public defenders failed to conduct diligent and timely discovery.

The public defenders moved to dismiss Pomeroy's complaint. They argued that Pomeroy's complaint failed to state a claim, whether it was understood as asserting a claim under 42 U.S.C. § 1983, a "*Bivens*-type claim" brought directly under the Alaska

---

[1] The public defenders' brief alleges that Pomeroy was charged with particular crimes. Pomeroy denies that he was charged with these crimes. The appellate record is not extensive and does not reveal the crimes charged.

1235

Constitution, a claim of abuse of public office, or a claim of legal malpractice. The trial court granted the public defenders' motion. Pomeroy appeals.

### III. DISCUSSION

Alaska Civil Rule 12(b)(6) allows for dismissal of a complaint for "failure to state a claim upon which relief can be granted." "To survive a motion to dismiss, a complaint need only allege a set of facts consistent with and appropriate to some enforceable cause of action."[2] It "should not be dismissed for failure to state a claim unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of the claims that would entitle the plaintiff to relief."[3] We review dismissal of the complaint de novo, deeming all facts in the complaint true and provable.[4]

Pomeroy insists that his complaint does not state either a malpractice claim or a claim under 42 U.S.C. § 1983. We take him at his word and consider only his claims as he describes them, under Alaska's Constitution and statutes.

Pomeroy characterizes his claim as a "*Bivens*-type claim." "A '*Bivens* claim' is the cause of action sometimes permitted in federal courts for a governmental violation of the plaintiff's constitutional rights."[5] Claims under *Bivens* may only be

---

[2] *McGrew v. State, Dep't of Health & Soc. Servs., Div. of Family & Youth Servs.*, 106 P.3d 319, 322 (Alaska 2005) (internal quotation marks omitted).

[3] *Id.*

[4] *Id.*

[5] *McGrew*, 106 P.3d at 324; *see also Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388, 389 (1971) (holding that Fourth Amendment violation by federal agent acting under color of his authority gave rise to cause of action for damages directly under U.S. Constitution).

brought against officials acting under color of federal authority.[6] We have not decided whether an analogous "*Bivens*-type remedy" exists for violations of the Alaska Constitution by officials acting under color of state authority.[7]

We do not have to decide that question here. In *McGrew v. State, Department of Health & Social Services, Division of Family & Youth Services*, we reasoned that because there were "adequate alternative avenues" to remedy any harm caused by the government's conduct, there was "no reason why the [plaintiffs] should have an additional means of challenging, through a tort suit, the alleged unconstitutionality of that conduct."[8] We noted that the "alleged misconduct occurred during existing judicial proceedings," in which the party had "opportunities to seek prompt judicial relief that might have avoided or remedied any harm they allegedly suffered."[9] We found those circumstances distinguishable from "cases in which grave governmental misconduct has immediate consequences that cannot be readily avoided or corrected in existing judicial proceedings."[10]

In this case, Pomeroy filed his civil lawsuit more than eight months before his criminal trial was to begin. The trial and pre-trial criminal process provides ample

---

[6] *See Brown v. Philip Morris Inc.*, 250 F.3d 789, 800 (3d Cir. 2001) (holding that a *Bivens* action is "the federal equivalent of the § 1983 cause of action against state actors"); *Reuber v. United States*, 750 F.2d 1039, 1054 n.19 (D.C. Cir. 1984) ("In a case alleging a *Bivens*-type claim, federal rather than state action must be alleged in order to sustain the complaint.").

[7] *McGrew v. State, Dep't of Health & Soc. Servs., Div. of Family & Youth Servs.*, 106 P.3d 319, 324 (Alaska 2005).

[8] *Id.* at 324.

[9] *Id.*

[10] *Id.*

"alternative avenues" for remedying any constitutional violations allegedly caused by his attorneys during discovery. Furthermore, if Pomeroy has been convicted, he will have the right to a direct appeal as well as an opportunity to seek post-conviction relief for ineffective assistance of counsel. A *Bivens*-type action is therefore unnecessary to protect Pomeroy's state constitutional rights.

Pomeroy's brief also refers to AS 11.76.110 and AS 11.56.850. The former makes it a misdemeanor to interfere with the constitutional rights of another. This criminal provision does not create a private right of action.[11] The latter makes it a misdemeanor for a public servant to engage in official misconduct with "intent to gain a benefit or to injure or deprive another person of a benefit."[12] We have not recognized this provision as creating an implied private right of action, and, absent any briefing of the issue by Pomeroy, we decline to do so today.

Finally, Pomeroy argues that the lower court erred in failing to consider the "supporting facts" he submitted to the court "pursuant to the Court Order issued on February 9, 2005." Pomeroy's superior court brief was submitted to the court on the same day it dismissed his case. Pomeroy appears to have submitted it based on a misreading of the superior court's February 9, 2005 order. That order allowed the public defenders to submit a revised motion to dismiss in order to address Pomeroy's amended

---

[11] *See* AS 11.76.110; *Belluomini v. Fred Meyer of Alaska, Inc.*, 993 P.2d 1009, 1015 (Alaska 1999) ("Alaska's criminal statute prohibiting interference with a constitutional right, AS 11.76.110, does not itself imply a purely private cause of action.").

[12] AS 11.56.850.

complaint. But the public defenders declined to revise their motion to dismiss, leaving Pomeroy with no right to revisit or supplement his opposition to the motion to dismiss.[13]

Furthermore, even if the lower court had considered the facts Pomeroy proffered, the outcome of the dismissal motion would not have changed. As discussed above, Pomeroy's only possibly valid cause of action is precluded by his alternate avenues for remedying any constitutional violations he may have suffered. Nothing in Pomeroy's February 22, 2005 brief places this conclusion in doubt.

## IV. CONCLUSION

We accordingly AFFIRM the superior court judgment dismissing Pomeroy's complaint.

---

[13] *See generally* Alaska R. Civ. P. 77 (setting out the procedures for filing motions).

# In the Court of Appeals of the State of Alaska

RECEIVED
JAN 1 3 2006
OFFICE OF SPECIAL PROSECUTIONS
AND APPEALS

Richard Pomeroy, )
          ) Court of Appeals No. A-09518
   Appellant, )
  v. ) **Order**
          )
State of Alaska, )
          )
   Appellee. ) Date of Order: 1/13/06
          )

Trial Court Case # 3AN-02-10469CR

Before: Coats, Chief Judge, Mannheimer, and Stewart, Judges.

**IT IS ORDERED:**

Pomeroy entered into a Rule 11 plea agreement on a charge of assault in the third degree on September 13, 2005. Superior Court Judge Larry Card sentenced Pomeroy to the sentence which Pomeroy and the State agreed to in the plea bargain: five years with two years suspended, three years' probation.

When he entered his plea, Pomeroy told Judge Card that he wanted to appeal to see if any of his constitutional rights had been violated. Judge Card informed Pomeroy that he had no right to appeal because that was not part of the plea agreement. He told Pomeroy that he had no right to appeal his sentence.

Pomeroy filed his initial notice of appeal in the superior court on October 10, 2005. On October 25, 2005, Judge Card entered an order denying Pomeroy's request for appointed counsel. Judge Card pointed out that Pomeroy had entered his plea under a Rule 11 plea agreement and had not stated any basis to appeal.

On December 9, 2005, Pomeroy filed new appellate pleadings with this court. In his points on appeal, he contends that he did not receive effective assistance of counsel because his attorney withheld vital exculpatory evidence from him before he accepted the plea agreement, and that his constitutional rights were violated because the

Pomeroy v State – p. 2
File No. A-9518
January 13, 2006

trial judge did not allow him to have an evidentiary hearing to present evidence that the prosecutor intentionally withheld critical evidence from the defense. Pomeroy asked this court to allow him to file an untimely appeal because he had mistakenly filed the appeal in the superior court.

The State filed a motion to dismiss the appeal, arguing that Pomeroy, by entering his plea, had waived all non-jurisdictional issues. According to the State, Pomeroy must file an application for post-conviction relief under Criminal Rule 35.1 in order to move to withdraw his plea, argue that he received ineffective assistance from his counsel, or obtain other relief.

We agree with the State. None of the issues which Pomeroy is attempting to raise are appropriate for appeal. All of these issues raise matters which are not part of the record on appeal. *See Barry v. State*, 675 P.2d 1292, 1295-96 (Alaska App. 1994). We therefore grant the State's motion dismissing Pomeroy's appeal. However, to the extend that Pomeroy wants to pursue the issues he has raised in his points on appeal, he may pursue an application for post-conviction relief under Criminal Rule 35.1.

The appeal is **DISMISSED**.

Entered at the direction of the court.

Clerk of the Appellate Courts

*[signature]*
Mindi Johnson, Deputy Clerk

Distribution:

Douglas H Kossler
OSPA
310 K Street Suite 308
Anchorage AK 99501

Richard Pomeroy
801 W. 57th Street # 4
Anchorage AK 99518

R., p. 27

# In the Court of Appeals of the State of Alaska

RECEIVED
DEPARTMENT OF LAW
FEB 1 0 2006
OFFICE OF SPECIAL PROSECUTIONS

Richard Pomeroy, )
            Appellant, )   Court of Appeals No. A-09518
)
v. )   **Order**
)
State of Alaska, )
)
            Appellee. )   Date of Order: **2/10/06**
)

Trial Court Case # 3AN-02-10469CR

Before: Coats, Chief Judge, and Mannheimer and Stewart, Judges.

    Pomeroy pleaded no contest to third-degree assault as part of a plea bargain. Pomeroy has now filed an appeal in which he asserts that he should be allowed to withdraw his plea. All of Pomeroy's assertions of error involve allegations of either incompetence or outright misconduct on the part of his defense attorney, the prosecuting attorney, and/or the trial judge. These allegations have never been litigated in the superior court.

    In our earlier order in this case (dated January 13, 2006), we dismissed Pomeroy's appeal and directed him to pursue these allegations in a petition for post-conviction relief. Pomeroy now asks us to reconsider that order. Pomeroy acknowledges that, normally, a defendant would have to litigate issues like these in the superior court before bringing these claims of error to an appellate court. However, Pomeroy points out that he is representing himself in this appeal, and he further points out that his claims of error involved alleged violations of important constitutional rights. For these reasons, Pomeroy asks us to overlook his failure to litigate these claims of error in the superior court, and he asks us to decide these matters even though, currently, there has been no evidentiary hearing on any of these points.

Re: Pomeroy v. State
File No. A-9518
Page Two

      Pomeroy's claims of attorney incompetence and/or misconduct can not be decided without allowing the State to present its side of the case. This means that both Pomeroy and the State are entitled to submit affidavits and other documentary evidence on these issues. And, if the issues can not be resolved based solely on the affidavits and other documentary evidence, an evidentiary hearing must be held — a hearing at which witnesses testify and are cross-examined.

      Under our justice system, a trial court — such as the superior court — is the place where parties present their evidence (witness testimony, documents, etc.), and then a judge or jury evaluates the credibility and convincing power of that evidence. An appellate court does not hold evidentiary hearings, nor are we supposed to make decisions regarding who is telling the truth, or who has the most accurate memory of events. Those issues are for the trial court. This is why Pomeroy's claims of attorney incompetence and/or misconduct must first be presented to the superior court.

      After the superior court has received affidavits and other documentary evidence regarding Pomeroy's allegations, and after the superior court has held an evidentiary hearing if one is necessary, and after the superior court has made its decision regarding Pomeroy's allegations, then this Court has the authority to review the superior court's decision. But we, as an appellate court, are not allowed to bypass the superior court and hold our own evidentiary hearing.

      For these reasons, Pomeroy's motion to reconsider our order of January 13, 2006, is DENIED. We re-affirm our decision to dismiss Pomeroy's appeal. We again note that Pomeroy is entitled to pursue all of his claims of error by filing a petition for post-conviction relief in the superior court.

Re: Pomeroy v. State
File No. A-9518
Page Three

Entered at the direction of the Court.

Clerk of the Appellate Courts

*Peggy Vigoren*

Peggy Vigoren, Deputy Clerk

Distribution:

Douglas H Kossler
OSPA
310 K Street Suite 308
Anchorage AK 99501

Richard Pomeroy
529 W. 75th Ave Apt # 1
Anchorage AK 99518