RICHARD D. POMEROY
PRO-SE PLAINTIFF

529 W. 75th Avenue, Apt. 1
Anchorage, Alaska 99501
(907)344-3664
E:mail Pomeroy_z@Hotmail.com

RECEIVED
SEP 05 2006
CLERK, U.S. DISTRICT COURT
ANCHORAGE, ALASKA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| RICHARD POMEROY,<br><br>    Plaintiff,<br><br>vs.<br><br>BARBARA BRINK; Supervisor Alaska Public Defender Agency; GARY SOBERAY; Assistant Public Defender; and JEFF MAHLEN; Assistant Public Defender,<br><br>    Defendant(s). | Case No.: 3:06-cv-00099-TMB<br><br>OPPOSITION TO MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM AND REQUEST FOR STAY PENDING FINAL RULING ON PLAINTIFF'S POST CONVICTION RELIEF |

COMES NOW PLAINTIFF, RICHARD POMEROY, proceeding as pro-se, and moves this court for a stay of court proceedings related to the filing of a 'bivins type' claim with this court, and opposition to defendant's request for summary judgment.

Jurisdiction

On May 15, 2006, this court issued an order requiring plaintiff to file for proper jurisdiction as this court decline to recognize plaintiff's 'bivins-type' claim for violations

of plaintiff's state and inherit federal constitutional rights, all three (3) defendants are state officers. Plaintiff now moves this court to accept plaintiff's lawsuit as a 'malpractice lawsuit' for the reasons provided.

### a. State Courts Decline to Recognize Lawsuits File Against State Officers for 'Direct Violations' of State and Federal Constitutional Rights

Plaintiff used a 'bivins-type' approach when seeking damages in state court for direct violations of plaintiff's state and inherit federal constitutional rights. However, the superior and Supreme courts for the State of Alaska, refuse to recognize any lawsuits file under direct constitutional rights violation, ruling Pomeroy has **'alternative remedies'** for misconduct by government officers, assofar the state of Alaska has never made a rulings under a claim of 'direct state and federal constitutional right violations', nor did the State Supreme court determine whether a state of federal constitutional right violation had occurred against Pomeroy, (which would be the first step), regardless of whether Pomeroy filed under a 'malpractice lawsuit' or a 'bivins-type' lawsuit. Furthermore, the state argued Pomeroy had **'alternative remedies'** this to be filing of <u>Post-conviction relief if convicted</u>, with the Alaska Supreme Court agreeing, ruling against Pomeroy, see Exhibits S, pgs 44-49.[1]

Plaintiff filed for post-conviction relief, case 3AN-06-6790 CI, see Exhibit S, pgs 1-9,

---

1. Because the enclose exhibits come from a variety of sources and are labeled with other numbering systems at the bottom, the plaintiff will use S.,p__ as the record cite, with the attached pages numbered consecutively.

'Opposition to Motion to Dismiss and
Request for Stay of Proceedings'
*Pomeroy v. Brink*, et al.
3:06-cv-00099-TMB
Page 2 of 4

as pro-se, when ex Superior Court Judge Larry D. Card, refuse to appoint Pomeroy a State attorney. On August 21,2006, plaintiff moved the Superior court to accept a amended pleading to plaintiff's post relief application (as no action has been taken), see Exhibit S, pgs 10-49, naming all three (3) defendant's in the amendment. A evidentiary hearing has been requested by Plaintiff. When plaintiff prevails and has **exhausted all state remedies**, a malpractice lawsuit is proper jurisdiction for this federal court to hear claims of federal constitutional right violations by state officers under a malpractice lawsuit.

### b. To Defeat Request for Summary Judgment, Plaintiff Must Prove a Set of Facts In Support Of The Claim For Relief

To defeat summary judgment, plaintiff only needs to establish a set of facts. Enclose are a set of facts and evidence to support Pomeroy's causes of action, that state and inherit federal constitutional right violations have occurred " <u>**this is the question of law**</u> " that must first be address and established. Enclose this court will find copies of voice mail notes plaintiff receive from the Public Defenders Agency, see Exhibit S, pgs 41-43 (specifically dates December 4 and 6). These voicemail notes clearly demonstrate Pomeroy's attempts to access evidence in plaintiff's criminal case only to be denied, this, after three (3) weeks of incarceration, moreover, enclose are memorandums and letters plaintiff sent to the Public Defenders Agency requesting disclosure, with plaintiff (out of desperation) filing a **Freedom**

'Opposition to Motion to Dismiss
and Request for Stay of Proceedings'
*Pomeroy v. Brink*, et al.
3:06-cv-00099 TMB
Page 3 of 4

**of Information Act Request (FOIA),** see Exhibits S, pgs 50-57, in attempts to access any and all information/evidence in regards to plaintiff criminal case, (as Pomeroy never receive any State evidence to support States allegations upon arrest). Furthermore, plaintiff enclose with his amended application for Post conviction relief 'facts' see Exhibit S, pgs, 29-40, presented to the superior court judge in case 3AN- S05-4284, however, these facts were never taken into consideration during court proceedings. Plaintiff moves this court to carefully review these facts in support of Pomeroy's claim for relief to get a better understanding of the causes of actions, events, and /facts presented by plaintiff against the defendants when making a final ruling on plaintiff's request for a stay of proceedings, and oppostion to defendants request for summary judgment.

    WHEREFORE, given all the above mention facts and evidence a stay of proceedings is proper pending outcome of plaintiff's application for post-conviction relief, further, plaintiff has brought forward documentation and/or evidence in support of plaintiff causes of actions, and in the best interest of justice, defendant's request for summary judgment should be denied.

    Dated this _1_ day of, _September_ ,2006, at Anchorage Alaska.

                                          Richard D. Pomeroy
                                          Pro-Se Councel

I Certify a copy of the following document
was mailed to: Venable Vermount Jr., at the
follwing address; 1031 W. 4th Ave., Ste 200
Anchorage Alaska 99501;
On: _Sept 1st 2006_
by: _Richard Pomeroy_

'Opposition to Motion to Dismiss
and Request for Stay of Proceedings'
Pomeroy v. Brink, et al.
3:06-cv-00099-TMB
Page 4 of 4