to effective assistance of counsel, right to access the courts,
and right to appeal, have all been abridge and/or violated by
defendant's.

### VIII.

Defendant's actions and inactions cause plaintiff to
be unlawfully held in restraint of [h]is liberty.

### SECOND CAUSE OF ACTION

### XI.

Plaintiff realleges and incorporates paragraph I through
VIII, into this first cause of action.

### XII.

Defendant's actions and inactions toward plaintiff
constituted an abuse of Public Office.

### XIII.

That defendant's conspired with others to deprive plain-
tiff of [h]is constitutional rights.

### IX.

That defendant's deliberate, wanton, reckless, knowing
actions and inactions against plaintiff, constituted negligents
and fraud.

### THIRD CAUSE OF ACTION

### X.

Plaintiff realleges and incorporates paragraph I through

COMPLAINT/
Page 3 of 5

Richard D. Pomeroy
Cook Inlet Pretrial
1300 E. 4th Ave.
Anchorage Alaska  99501

Ceh. K, pg, 3 .f5
S, pg 21

IX, into this third cause of action.

### XI.

As a direct and proximate result of Defendant's negligent and acts, plaintiff suffered the damages set forth in paragraph XV, of this complaint.

### XII.

At all times material herein, the acts and omissions of defendant's were undertaken with deliberate intention to cause emotional and financial harm to plaintiff.

### XIII.

Defendant's breach their legal duties when they misrepresented plaintiff.

### FOURTH CAUSE OF ACTION

### XIV.

Plaintiff realleges and incorporates paragraphs I through XIII, of this complaint into this fourth cause of action.

### XV.

As a direct and proximate result of the defendant's conduct, plaintiff suffered the following damages.

1. Past, Present, and Future emotional pain and suffering.

2. Past, Present, and Future financial hardships.

3. Other damages to be proven at trial.

COMPLAINT/
Page 4 of 5

Richard D. Pomeroy
Cook Inlet Pretrial
1300 E. 4th Ave.
Anchorage Alaska 99501

Exh. K, pg. 4 of 5
S, pg 22

1

2

3      WHEREFORE, plaintiff prays for judgement as follows:

4      a. Compensatory and consequential damages against
          each and every defendant in the amount of

5          $3,000,000;

6      b. Punitive damages against each defendant, the
          Supervisor of the Alaska State Public Defender

7          Agency and two assistant attorney's in the amount
          of $ 1,000,000;

8      c. Attorney fees incurred herein against each de-
          fendant; and

9

10     d. Such other additional relief as the court may deem
          just and equitable.

11     DATED this 28th day of, December _____, 2004, at

12  Anchorage Alaska.

13

14

15                              Respectfully Submitted,

16                         by: Richard D. Pomeroy

17                              Richard D. Pomeroy
                                Pro-Se Counsel

18

19

20

21

22

23

24     COMPLAINT/

25     Page 4 of 5

Richard D. Pomeroy
Cook Inlet Pretrial
1300 E. 4th Ave.
Anchorage Alaska  99501

Exh. K. pg. 5 of 5

IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

THIRD JUDICIAL DISTRICT AT ANCHORAGE

RICHARD D. POMEROY           )
                             )
              Plaintiff,     )
                             )
     vs.                     )
                             )
BARBARA BRINK; Supervisor    )
Alaska Public Defender Agency; )
GARY SOBERAY; Assistant Public )
Defender; JEFF MAHLEN; Assis- )
tant Public Defender,        )
                             )
              Defendant(s).  )
_____)

Case No. 3AN-05-4284     CI

### MOTION TO AMEND COMPLAINT

COMES NOW, the plaintiff, Richard D. Pomeroy, pursuant to

Rule 15 (a) and (c) of the Alaska Rules of Civil Procedure and

hereby moves this court in granting plaintiff amendments to

the original complaint in the above-captioned case, to amend the

cause of action against defendant(s).

This motion to amend is supported by the attach memorandum

of law.

WHEREFORE, plaintiff moves this honorable court in granting

plaintiff's amendments to complaint.

Dated this 27ᵗʰ, day of, January ,2005, at

Anchorage Alaska.

Respectfully,

Richard D. Pomeroy

I certify a copy of the
foregoing was mailed to:
Barbara Brink
Gary Soberay
Jeff Mahlen
on: 1-31-2005
by: Richard Pomeroy

S, 6924

Exh. L, pg 1 of 5

Richard D. Pomeroy Pro-Se
Cook Inlet Pretrial
1300 E. 4th Ave.
Anchorage Alaska  99501

1

2          IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

3              THIRD JUDICIAL DISTRICT AT ANCHORAGE
                                          )
   RICHARD D. POMEROY                     )
4                                         )
                     Plaintiff,           )
5                                         )
        vs.                               )
6                                         )
   BARBARA BRINK; Supervisor              )
   Alaska Public Defender Agency;         )
7  GARY SOBERAY; Assistant Public         )
   Defender; JEFF MAHLEN; Assis-          )
8  tant Public Defender,                  )
                                          )
9                    Defendant(s)         )
                                          )

10    Case No. __3AN-05-4284___ CI

11

12        **MEMORANDUM IN SUPPORT OF MOTION TO AMEND COMPLAINT**

13                        I. Amendments

14        Plaintiff amended section IV, to read as follows; Defen-

15  dant(s) are sued in their individual capacity for acts committed

16  against plaintiff using their 'official capacity'.

        Plaintiff amended section V, to read as follows; Between

17  November of 2002 through January 2005, defendant(s) acting as

18  State agents and under the color of State law, using their offi-

19  cial capacity, unreasonably with knowing and deliberate milish

20  intent violated statutory legal requirements.  These violations

21  in turn, cause plaintiff's protected inherit federal and State

22  civil and constitutional rights to be abridge.  Defendant(s)

23  showed a reckless disregard when they deprived plaintiff of [h]is

24  garanteed constitutional rights.

25   'memorandum in support'
     Pomeroy v. Brink, Mahlen, Soberay              5, Pg 25
     Case: 3AN-05-4284 CI
     Page 1 of 3

                                            Exh. L, Pg. 2 of 5

Richard D. Pomeroy Pro-Se
Cook Inlet Pretrial
1300 E. 4th Ave.
Anchorage Alaska 99501

1

2          Plaintiff amended section VII, to read as follows;

3   Defendant(s) actions and inactions towards plaintiff cause an

4   interference and obstruction to plaintiff's federal and State

5   Constitutional rights to; due process of the law; right to bail

6   out of jail and/or be release from restraint of liberty; right

7   to effective assistance of counsel; freedom to access the courts;

    freedom to appeal, have all been abridge and/or violated by the

8   acts of defendant(s).

9          Plaintiff amended section XIII, to read as follows;

10  The defendant(s) acted in collusion to deprive plaintiff of

11  [h]is constitutional rights.

12         Plaintiff amended section IX, to read as follows;

13  The defendant(s) deliberate, wanton reckless, acts against plain-

    tiff, constituted a negligents against plaintiff.

14
           Plaintiff amended section XII, to read as follows;
15
    At all times material herein, the acts and omissions of defen-
16
    dant(s) cause plaintiff to suffer emotional and financial harm..

17         Plaintiff amended section XIII, to read as follows;

18  Defendant(s) breach their legal statutory requirements, by de-

19  priving plaintiff of [h]is protected inherit constitutional

20  rights.

21         Plaintiff amended section XV, part b. to read as follows;

22  b. Punitive damages against each defendant, the supervisor of

23  the Alaska State Office of the Public Defender Agency and the

    two Assistant Attorney's in the amount of $1,000,000.
24

25    'memorandum in support'
      Pomeroy v. Brink, Mahlen, Soberay
      Case: 3AN-05-4284 CI
      Page 2 of 3

S, pg 26

Exh. L, pg. 3 of 5

## II. Applicable Law

Plaintiff's motion to amend is governed by Rule 15 (a).,
these rules provide: (a) Amendments.  A party may amend the par-
ty's pleading once as a matter of course at any time before a
responsive pleading is served or, if the pleading is one to which
no responsive pleading is permitted and the action has not been
placed upon the trial calendar, the party may so amend it at any
time within 20 days after it is served.  Otherwise a party may
amend the party's pleading only by leave of the court or by
written consent of the adverse party; and leave shall by freely
given when justice so requires.  A party shell plead in response
to an amended pleading within the time remaining for response
to the original pleading or within 10 days after service of the
amended pleading, whichever period may be longer, unless the court
otherwise orders.

The statute of limitatoin has not expired on any claim
against defendant(s). Moreover, it is necessary to amend the
complaint to 'clairify' the causes of action in the complaint
so there is no confusion by parties on these matters. Finally
no prejudice would result to the defendant(s) as a result of
these amendments.

## III. Conclusion

Plaintiff's motion to amend is well founded and meets
the requirements of Rule 15 (a).  For the reasons set forth
above, the court should grant plaintiff's motion to amend com-
plaint.

'memorandum in support'
Case: 3AN-05-4284 CI
Pomeroy v. Brink, Mahlen, Soberay
Page 3 of 4

$S_1$ Pg 27

Exh. 2, Pg, 4 of 5

1

2

      WHEREFORE, plaintiff moves this Honorable Court, in

3

granting plaintiff's amended complaint.

4

      Dated this 27th, day of, _Jon war_____,2005, at

5

Anchorage Alaska.

6

7

8

9
                       Respectfully submitted,

10

11
                       Richard D. Pomeroy
                       Pro-Se Counsel

12

13

14

15

16

17

18
    I certify a copy of the
    foregoing was mailed to:

19
    _Barbara Brink_

20
    _Gary Soberay_
    _Jeff Mahlen_
    on: _1-31-05_

21
    by: _Richard Pomeroy_

22
    'memorandum in support'
    Pomeroy v. Brink, Mahlen, Soberay

23
    Case: 3AN-05-4284 CI
    Page 4 of 4

24

25
                            S. pg 28

                            Exh. L, pg. 5 of 5

IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

THIRD JUDICIAL DISTRICT AT ANCHORAGE

RICHARD D. POMEROY          )
                            )
          Plaintiff,        )
                            )
     v.                     )
                            )
BARBARA BRINK; Supervisor   )
Alaska Public Defender Agency; )
GARY SOBERAY; Assistant Public )
Defender; JEFF MAHLEN, Assis- )
tant Public Defender,       )
                            )
          Defendant.        )
_____)  Case: 3AN-05-04284 CI

### MEMORANDUM IN SUPPORT OF

### ESTABLISHED FACTS TO SUPPORT CAUSES OF ACTIONS

I. Summary of Events

On November 12, 2002, plaintiff [Mr. Pomeroy], was ar-
rested without a grand jury indictment, and to date has been
incarcerated for over twenty seven (27) months.  From that
moment of arrest forward, the State appointed attorney's from
the Alaska State Office of Public Defender Agency, were man-
dated and/or required to follow **"specific statutory criminal
procedures"** as provided under the Alaska Rules of Court to en-
sure Mr. Pomeroy's entitled state and federal constitutional
rights not be interfered with nor be abriged.

These defendant(s) [attorney's and public servant's]
from the Public Defender Agency, were responsible for securing

'memorandum in support of facts'
Pomeroy v. Brink et. al.,
Case: 3AN-05-4284 CI
Page 1 of 12

*S, Pg 29*

*Eh. M, pg 1 of 12*

Richard D. Pomeroy
Cook Inlet Pretrial
1300 E. 4th Ave.
Anchorage, Alaska  99501

1  .

2  the minimal basic due process rights that would allow Mr. Pomeroy

3  to defend [h]imself against felony state charges, based on no

4  more than hearsay allegations.  Instead defendant(s) committed

5  **'official misconduct of office'**, by neglecting to perform duties

6  inherit in the nature of their office, that cause plaintiff's

7  state and federal constitutional rights to be interfered with,

   this in turn forever harming Mr. Pomeroy.

8       In, order to effectively defend against state charges,

9  Pomeroy needed **all** the minimum due process of the law available,

10 this includes **discovery of information**, evidence, testimony, and

11 allegations against [h]im so Pomeroy could begin to form a de-

12 fense in [h]is criminal case.  Pomeroy needed and is entitled to,

13 a **preliminary examination/hearing** to examine evidence, within

14 a reasonable time after arrest.  Pomeroy needed and was entitled

15 to, file **potentially dispositive motions**, to nullify the un-

16 lawfully issued **'glass' search warrant**.  Pomeroy needed and was

17 entitled to, file motions to dismiss charges and cease the un-

18 lawful restraint of liberty, when the State was unwilling to

19 present probable cause to continue incarceration and/or to

20 disclose to Pomeroy evidence prior to a true bill from the

21 grand jury indictment that was issued **'four (4) months'** after

22 incarceration.  Subsequent to that Pomeroy needed, and was

23 entitled to file potentially dispositive motions to dismiss the

24 grand jury indictment when misrepresentation of material facts

   by the State prosecutor, failed to inform grand jurors of ex-

25 'memorandum in support of facts'
   Pomeroy v. Brink et. al.,
   Case: 3AN-05-4284 CI
   Page 2 of 12

S, pg 30

Exh M, pg 2 of 12