culpatory evidence and/or [the medical examination that reveiled no physical injuries] that would substantially negate guilt.

The defendant(s) are train professionals and should have use certain legal tactics necessary to bring Mr. Pomeroy's due process about in an 'effective manner', by following statutory requirements, per the nature of their office; the foremost of which is securing Pomeroy's specific charging information, evidence, and/or testimony thru preliminary examinations and secure discovery of <u>any</u> and <u>all</u> information, evidence, testimony and allegations, that should have been disclose to Mr. Pomeroy in a 'timely manner' so Pomeroy could attempt to formulate a defense.

At the time of the filing of the complaint, plaintiff has not recieve **full discovery** in [h]is criminal case. It had taken five (5) months to get portions of the information from 'glass warrant 02-477' receiving the other portions fourteen (14) months after incarceration. All three defendant(s) did not have the best interest of Mr. Pomeroy in mind as supported by the following 'facts in support'.

## II. Facts in Support of Plaintiff's Causes of Actions in Complaint.

The first attorney appointed to represent Mr. Pomeroy was defendant Jeff Mahlen, assistant Public Defender. [h]is supervisor is defendant Barbara Brink responsible for the appointment of attorney's to represent indigent citizens. Plaintiff was appointed Mr. Mahlen on November 14, 2002, two (2) days after

'memorandum in support of facts'
Pomeroy v. Brink et. al.,
Case: 3AN-05-4284 CI
Page 3 of 12

S, pg 31

Exh M pg 3. of 12

his arrest.

During the first interview with Mr. Mahlen, on November 14, 2002, at the Anchorge Jail, Mr. Mahlen failed to disclose any discovery to Pomeroy nor did [h]e have any charging documents or information from the search warrant, that the State based their charges on.

Mr. Mahlen (at a minimum) should have inform Pomeroy of [h]is entitlement to a **preliminary examination/hearing** to contest the states information. Alaska Rules of Criminal Procedures, Rule 5 and 5.1, which entitles a citizen charged with a crime to be entitled to a preliminary examination hearing to challenge the States evidence to show probable cause that a crime was committed, moreover, Pomeroy was entitled to the evidence. This Criminal Rule was upheld by the Alaska Supreme Court., see **Sproates v. State, 81 P.3d 301 (Alaska App 2003)**. Mr. Mahlen interfered with this entitled right by waving this right without the permission of Mr. Pomeroy.

Other official misconduct consisted of Mr. Mahlen withholding evidence from Pomeroy. From November 14, 2002 upto March 4, 2003, plaintiff requested discovery 'only to be ignored'. This failure to provide discovery cause plaintiff's due process and speedy trial rights to be interfered with.

This deliberate 'official misconduct' perpetrated against plaintiff by defendant Mahlen, was to keep Mr. Pomeroy in a vulnerable situation, when attempting to get Mr. Pomeroy to

'memorandum in support of facts'
Pomeroy v. Brink et. al.,
Case: 3AN-05-4284 CI
Page 4 of 12

S, pg 32

Exh. M, pg 4 of 12

take a **'plea bargin'**. By the denying evidence to Pomeroy interfered with Pomeroy's ability to make any fully inform decision in [h]is criminal case.

On March 4, 2003, plaintiff inform Mr. Mahlen [h]e would be taking **the case to trial.** Defendant Mahlen inform plaintiff [h]e would no longer be representing Pomeroy and that a **'trial Attorney'** would be appointed to represent [h]im. [1]

Further harm was committed against Pomeroy when defendant Barbara Brink, superviosr for the Public Defender Agency, appointed assistant Public Defender Valerie Leonard, knowing this attorney would not be in a position to represent plaintiff at a trial as this attorney was retiring from the agency. Moreover, Ms. Brink was aware that this attorney would be out of town for weeks at a time on a muder trial. This appointment of Ms. Leonard cause a interference of the constitutional right to 'due process of the law'.

From the initial entry of apperance on March 18, 2003, upto Mr. Pomeroy being appointed a new attorney in May of 2003, this attorney refuse to meet with Mr. Pomeroy to go over case, never represented plaintiff at the April 23 and 30, 2003, **'pre-trial hearings'**, and admitted on March 28, 2003, in a letter that "it may not be possible to give your case the attension that you request from me at the present moment"(sic).

---

1. Note: Mr. Pomeroy was never inform by Ms. Brink, that in fact Mr. Mahlen was not a trial attorney, but that this attorney's position was to get pre-trial detainees to take 'plea bargins'.

'memorandum in support of facts'
Pomeroy v. Brink et. al.,
Case:3AN-05-4284 CI
Page 5 of 12

S, pg 33

Exh. M, pg 5 of 12

On April 2, 2003, Pomeroy sent Ms. Brink a letter in regards to being 'appointed ineffective assistant of counsel', listing the above-mention matters. **Ms. Brink neglected to respond.**

On April 24, 2003, Pomeroy sent Ms. Brink a letter in regards to Ms. Leonard not representing Pomeroy during the two mention pretrial hearings. **Ms. Brink neglected to respond.**

On April 30, 2003, Pomeroy sent Ms. Brink a letter requesting information pertaining to the crimianl case, specifically in regards to Rule 45 120 day cumulative tally sheets. **Ms. Brink neglected to respond.**

On May 7, 2003, Pomeroy sent a **second letter**, to Ms. Brink requesting information pertaining to criminal case. **Ms. Brink neglected to respond.**

On May 12, 2003, Pomeroy sent a '<u>**Freedom of Information Act Request**</u>' requesting <u>all</u>, documents, notes, reports, memoranda, correspondence, and <u>any</u> and <u>all</u> other tangible items relating to Pomeroy's criminal case and located at the Public Defender Agency. <u>**Ms. Brink neglected to respond.**</u>

The denial of one of the most fundamental rights to access evidence when one is charge with a crime <u>were ignored</u> by defendant Ms. Brink. This 'official misconduct' cause an interference with Mr. Pomeroy's legal constitutional rights to 'due process of the law'.

'memorandum in support of facts'
Pomeroy v. Brink et. al.,
Case: 3AN-05-4284 CI
Page 6 of 12

S, pg. 34

Exh. M, pg. 6 of 12

1

2         This court should note: that on May 1, 2003, Mr. Pomeroy

3   was inform by a 'investigator from the Public Defender Agency'

4   that defendant Gary Soberay would be by to see Mr. Pomeroy. This

5   first initial contact occured on May 15, 2003, which left an

6   two week window at which time Pomeroy requested legal help and

    information from Ms. Brink.

7

8         Ms. Brink appointed defendant Gary Soberay on about May

    1st 2003. From this moment froward and upto November 17, 2003,

9   [when Pomeroy was force to represent [h]imself],[2/] when this

10  attorney attempted to start trial without being prepared, and

11  without having recieve full discovery in Pomeroy's criminal case.

12  From January of 2004, to the date of the filing of this complaint,

13  Pomeroy was represented by Mr. Soberay.

14        The most minimal and fundamental legal duties of the

    nature of Mr. Soberay's [public servant's] position, is to dis-
15
    close any and all information to Mr. Pomeroy pertaining to the
16
    criminal case, to disclose final <u>Orders</u>, rulings, and objections,
17
    from the court and prosecutor's office so Mr. Pomeroy's due pro-
18
    cess is protected and that Mr. Pomeroy could make fully informed
19
    decisions, to file actions on behalf of Mr. Pomeroy to include
20  **Motions to Dismiss**. Mr. Soberay failed in all of these duties,

21  this in turn causing a interference with the constitutinal right

22  2. On November 17, 2003, Pomeroy requested the court to grant
        Pro-Se status in criminal case, which was approved. However
23      this status was stripped from Pomeroy in January of 2004,
        and **under protest**, Pomeroy was re-appointed the same ineffec-
24      tive counsel.

25  'memorandum in support of facts'
    Pomeroy v. Brink et. al.,
    Case: 3AN-05-4284 CI
    Page 7 of 12

S, p9, 35

Exh. M, p9, 7 of 12

to due process of the law, right to access the court, right to Appeal a final decision by a Judge, right to challenge evidence and witness testimony, to name a few.

There was much 'official misconduct' however plantiff herein will bring forward some of the most 'critical' official misconduct that cause plaintiff to be harm.

On June 2, 2003, Pomeroy inform Mr. Soberay that the States 'star' witness was in fact, a fugitive from justice, wanted from other states for Fraud, Thief, and Larceny felony charges. Also Pomeroy inform Mr. Soberay that in fact, this witness uses different aliases, with two different Birth Dates. Pomeroy requested Mr. Soberay to aquire and/or investigate to verify [by public charging documents], that in fact this witness is who she has said [s]he is. From the time of the request to the date of the filing of this complaint, Mr. Soberay refuse to investigate, or request a hearing on this matter. Pomeroy while proceeding Pro-Se, won a oral argument in court, at which time the presiding judge ordered the prosecutor to produce a 'birth cerficate' on their 'star' witness. Pomeroy inform Mr. Soberay of this and requested Mr. Soberay pursue this 'critical matter' [to attack the credibility of this witness] and [h]e refused, giving no explanation to Pomeroy. To date Pomeroy is still waiting for the State to produce a 'birth certificate'. Once Pomeroy requested Mr. Soberay to investigate and pursue this matter and [h]e refuse, constituted a interference with Pomeroy's right to

'memorandum in support of facts'
Pomeroy v. Brink et. al.,
Case: 3AN-05-4284 CI
Page 8 of 12

S. pg. 36

Exh. M, pg. 8 of 12

due process of the law.

    Mr. Soberay further interfered and cause damage to Mr. Pomeroy's criminal case during 404 (b) witness proceedings. On June 29, 2003, the State file a 404(b) application, [note: this after Mr. Pomeroy was incarcerated for seven (7) months], to move the court in allowing the State to use Mr. Pomeroy's [daughter] as a witness against [h]im. Mr. Pmeroy through attorney Soberay move the court to allow a 404 (b) evidentary hearing, as there is numerous interviews that contradict the States evidence. However, the State objected to the hearing request and when the presiding judge requested to know what evidence the State had to justify Pomeroy not being permitted a 404 (b) hearing to challenge the States witness, the prosecutor produce a audio/tape, interview. The judge review the tape and denied Pomeroy's request for a 404 (b) hearing.

    Mr. Soberay did not object to the State submitting only their evidence, and had neglected to inform the court that in fact their were other tpae interviews that **'completely exonerated'** Mr. Pomeroy, also, Mr. Pomeroy had come to find out through sources that in fact Pomeroy's daughter was being interviewed by counselors from a 'Good Samaritan Counseling Center' for months, had Mr. Soberay **'objected'** and inform the court of this other evidence, the court would not have made a **'one-sided'** ruling against Pomeroy. This official misconduct by Soberay in failing to ensure Mr. Pomeroy due process of the law rights are upheld

'memorandum in support of facts'
Pomeroy v. Brink et. al.,
Case: 3AN-05-4284 CI
Page 9 of 12

S. Pg. 37

Exh. M, pg. 9 of 12

cause irreversable damage, not to just Mr. Pomeroy, but, had also put the criminal case in jeopardy.

One of the most basic functions of any attorney is to file **pleadings and/or motions** on behalf of the client. Mr. Pomeroy requested Mr. Soberay to file numerous [motions to dismiss], listed are these motions Soberay refuse to file;

    a) Motion to dismiss indictment, under Alaska Rules of Criminal Procedure, Rule 6 (q), for failure of the prosecutor to inform grand jury of 'medical examination' conducted on allege victim, [exculpatory evidence].

    b) Motion to dismiss, under Alaska Rules of Criminal Procedure, Rule 5 and 5.1, for violations of Pomeroy's right to **preliminary examination/hearings.**

    c) Motion to dismiss, under Federal Law Violations 18 U.S.C. § 2510-2520, for the unlawful release of 'privilege information from the interception of the electronic communication.

    d) Motion to dismiss, on grounds of **Speedy trial rights violations.**

Mr. Soberay refuse to send Orders and other pleadings to Mr. Pomeroy upon [h]is request. Two of these Orders are '**crutial**' to Pomeroy's defense as follows; The States Motion in Limine file on **November 17, 2003**, in regards to a protective order not allowing Mr. Pomeroy to bring forward the criminal history of the States 'star' witness, and States Motion In Limine, in regards to protective order precluding the defense from eliciting or introducing statements made by the defendant to police during the execution of the 'glass' warrant. To date, Mr. Pomeroy has not recieve any ruling on either of these pleadings.

'memorandum in support of facts'
Pomeroy v. Brink et. al.,
Case: 3AN-05-4284 CI
Page 10 of 12

S, pg, 38

Exh, M, pg, 10 of 12

1
2        These acts perpetrated against Mr. Pomeroy by defendant
3   Soberay were deliberate and intentionally committed, and con-
4   stituted a interference of Mr. Pomeroy's state and federal
5   constitutional rights.
6        **Discovery to the accuse,** is one of the most basic and
7   required, 'official duties' inherit in the nature of the
    Public Defender.  However, Mr. Soberay's refusal to comply with
8   these duties cause plaintiff to file a Motion to compel dis-
9   covery from the Public Defender Agency, on December 12, 2004.
10  The court refuse to take any action on the motion, and as the
11  date of the filing of this complaint, plaintiff has yet receive
12  full disclosure in [h]is criminal case. 3/

13                           III. Conclusion

14
15       The official misconduct of all three of these public
    servant's cannot be condone.  Plaintiff cannot undo the damage
16  these officials cause by neglecting to perform their duties,
17  to ensure Mr. Pomeroy is afforded all the protection under the
18  law and [h]is state and federal constitutional rights as a
19  United States Citizen **to be** interfered with.
20       Unfortunatly, Mr. Pomeroy cannot turn back the hands of
21
22
    ─────────────────────
23  3. This court should note: on February 2nd 2005, Mr. Pomeroy
       was appointed Andrew Lambert from the Office of Public
24     Advocacy, [plaintiff prays this attorney is competent]

25  'memorandum in support of facts'
    Pomeroy v. Brink et. al.,
    Case: 3AN-05-4284 CI
    Page 11 of 12

S, pg. 39

Exh, M, pg 11 of 72

of time. Mr. Pomeroy lost [h]is job of seventeen years with the federal government and the means to support [h]is family. Pomeroy cannot replace the time lost with [h]is children as Pomeroy has not been permitted to speak or see [h]is two children in over two years. Pomeroy lost [h]is home and other assets. The harm and damage to Mr. Pomeroy is substantial. It is in the best interest of justice this complaint move forward for adjudication, and the facts brought forward in support of the causes of actions be accepted by this court as true.

WHEREFORE, plaintiff prays this honorable court accept the supporting facts presented in this reponse to Order and permit this complaint to move forward for future litigation.

Dated this 22, day of, February ,2005, at Anchorage Alaska.

Respectfully Submitted,

by: /s/ Richard D. Pomeroy
Pro-Se Counsel

I certify a copy of the foregoing was mailed to: Venable Vermont Jr.- Asst AG
On: 2-22-05
by: Richard Pomeroy

'memorandum in support of facts'
Pomeroy v. Brink et. al.,
Case: 3AN-05-4284 CI
Page 12 of 12

S, Pg. 40

Exh. M, pg 12 of 12