Voice ma

11-18          VM ☽
                 - wants help w/ power of atty for friend
                 - any BH set yet ?
                 - wants visit

_____

11-20       VM ☽
                 wants BH

_____

11-20    VM ☽
                 waiting for BH , has TPC

_____

11-22     TC from ☽
                 - has TPC available Dec 7
                 - wants to postpone case to Dec 12
                 - ANJ
                 - is out - 250-5545 (cell)
                 - TPC 561-0610  Christopher Nuttall

_____

11-27    VM ☽
                 Now @ CIPT

_____

12-4    VM ☽
                 - wants visit today @ CIPT
                 - wants all evidence + tapes + reports today

_____

12-4    4 audio tapes being copied to send to ☽ @ CIPT

_____

12-4    TC to taylor winston                    Exh. N, pg 1 of 3
             leaving +

Exc 002
003
004

2-5    VM ∂   (transferred from Barb Bonk)
        - assigned Jeff Mahlen
        - only spoke to him twice
        - very upset haven't discussed case yet
        - wants a "real public defender" assigned

2-6                    12-4-02
        please
        duplicate
        these tapes        copy of   offer included in
        + send to          envelope w/ audio tapes for
                           ∂ @ CIPT
        Richard Pomeroy
        @ CIPT.
        Thanks 12/4/02
          -JEFF

+11    VM ∂

                                            S, pg 42

                                        Exh N pa 2 of 8

# ALASKA PUBLIC DEFENDER AGENCY

PD OFFICE: **Anchorage**

ATTY: ~~Jeff Mahlen~~
Val Leonard

CLIENT NAME: **Pomeroy, Richard**

ADDRESS: ✓Anch

S

A

DATE OPENED: 11/14/2002

CASE NO: **3AN-S02-10469 CR**

HOME PHONE:
WORK PHONE
MSG PHONE:

CHARGES: **SAM1/SAM2**

TYPE: **FU**     Taylor Winston

DOB:
OL/ID:
ATN:

THIRD-PARTY CUSTODIAN INFO:
NAME: _____
ADDRESS: _____
_____
PHONE NO: _____

NEXT HEARING:     **PIH**
DATE:             **11/14/2002**
TIME:             **1:00 PM**

JUDGE:

| | | | | | | |
|---|---|---|---|---|---|---|
| 11·14 | PIH | Dec 5   time/◇ | | | | |
| | | 1-23   time/◇ | | | | |
| | | 2-6   time/◇ | | | | |
| | | 2-20   time/◇ | | | | |
| | | 3-4   time/◇ | | | | |
| | | R5 Hrg 3-13 @30 AM | | | | |
| 3/13 | R5 - indicted | | Juld Heas | Pat Burke | ✓ SL | |
| 3/14/03 | arr on Indict 76 Pleas | | | | | |
| | TC - 6/9/03 Joann. | | | | | |
| | PTC - 4/23/03   /✓ | | | | | |
| | R45 - 7/11/03 | | | | | |
| | Bail - 20K cash + TPC | | | | | |
| 4/23 | PTC cont lw/◇   R45 9/68/03 | | CAPD | TW | WT | |
| 4/50 | PTC - Status quo (D refuses to waive anytime) | | Cond | TW | DL | |
| 6/20/03 | 9/21/03 - motion due date | | Cond | TW | LS | |
| | motion practice on new winkley hrg - | | | | | |
| | set in a due - 8/5/03 at noon- | | | | | |
| 9/22/03 | trial date - trailing (Winkley gun 29, 25, 26) | | | | | |
| | tow toll: 6/9 - 9/22/03 - 105 days | | | | | |
| | put R45 is 7/18/03 + 105 dys = 10/31/03 | | | | | |
| | R45 ending date - now. | | | | | |

Exh. N. 6 9 3 of 3

S, 69 43

## NOTICE

*Memorandum decisions of this court do not create legal precedent. See Alaska Appellate Rule 214(d). Accordingly, this memorandum decision may not be cited for any proposition of law or as an example of the proper resolution of any issue.*

## THE SUPREME COURT OF THE STATE OF ALASKA

| | |
|---|---|
| RICHARD D. POMEROY, ) | |
| ) | Supreme Court No. S-11858 |
| Appellant, ) | |
| ) | Superior Court No. 3AN-05-4284 CI |
| v. ) | |
| ) | <u>MEMORANDUM OPINION</u> |
| BARBARA BRINK, Supervisor, ) | <u>AND JUDGMENT</u>[*] |
| Alaska Public Defender Agency; ) | |
| GARY SOBERAY, Assistant Public ) | [No. 1235 - January 18, 2006] |
| Defender; JEFF MAHLEN, ) | |
| Assistant Public Defender, ) | |
| ) | |
| Appellees. ) | |
| ) | |

Appeal from the Superior Court of the State of Alaska, Third Judicial District, Anchorage, William F. Morse, Judge.

Appearances: Richard D. Pomeroy, pro se, Anchorage. Venable Vermont, Jr., Assistant Attorney General, Anchorage, and David W. Márquez, Attorney General, Juneau, for Appellees.

Before: Bryner, Chief Justice, Matthews, Eastaugh, Fabe, and Carpeneti, Justices.

---

[*] Entered pursuant to Appellate Rule 214.

*S, 09 99*

*Exh. O, pgs 1 of 6*

## I.    INTRODUCTION

Richard Pomeroy sued three attorneys at the Alaska Public Defender Agency (the public defenders), alleging that they violated his constitutional rights while representing him in a pending criminal matter.   The superior court dismissed his complaint under Alaska Civil Rule 12(b)(6) for failure to state a claim upon which relief can be granted.  The primary issue presented here is whether Pomeroy may bring a claim against the public defenders directly under the Alaska Constitution.  We conclude that he may not.

## II.    FACTS AND PROCEEDINGS

Pomeroy was arrested on November 12, 2002.[1]  He was represented by the three defendants, all of whom are attorneys with the Alaska Public Defender Agency. Pomeroy's criminal trial was scheduled to begin September 19, 2005.  In January 2005, more than eight months before the scheduled start of his trial, Pomeroy sued the public defenders.  His amended complaint alleges that they interfered with his federal and state constitutional rights.  It also alleges that they breached their statutory duties and caused him emotional and financial harm.  Although the factual basis for these accusations is unclear from the complaint, Pomeroy apparently believes that the public defenders failed to conduct diligent and timely discovery.

The public defenders moved to dismiss Pomeroy's complaint. They argued that Pomeroy's complaint failed to state a claim, whether it was understood as asserting a claim under 42 U.S.C. § 1983, a "*Bivens*-type claim" brought directly under the Alaska

---

[1]    The public defenders' brief alleges that Pomeroy was charged with particular crimes. Pomeroy denies that he was charged with these crimes. The appellate record is not extensive and does not reveal the crimes charged.

S, Pg 45 1235

Exh. O, pg 2 of 6

Constitution, a claim of abuse of public office, or a claim of legal malpractice. The trial court granted the public defenders' motion. Pomeroy appeals.

## III.    DISCUSSION

Alaska Civil Rule 12(b)(6) allows for dismissal of a complaint for "failure to state a claim upon which relief can be granted." "To survive a motion to dismiss, a complaint need only allege a set of facts consistent with and appropriate to some enforceable cause of action."[2] It "should not be dismissed for failure to state a claim unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of the claims that would entitle the plaintiff to relief."[3] We review dismissal of the complaint de novo, deeming all facts in the complaint true and provable.[4]

Pomeroy insists that his complaint does not state either a malpractice claim or a claim under 42 U.S.C. § 1983. We take him at his word and consider only his claims as he describes them, under Alaska's Constitution and statutes.

Pomeroy characterizes his claim as a "*Bivens*-type claim." "A '*Bivens* claim' is the cause of action sometimes permitted in federal courts for a governmental violation of the plaintiff's constitutional rights."[5] Claims under *Bivens* may only be

---

[2]    *McGrew v. State, Dep't of Health & Soc. Servs., Div. of Family & Youth Servs.*, 106 P.3d 319, 322 (Alaska 2005) (internal quotation marks omitted).

[3]    *Id.*

[4]    *Id.*

[5]    *McGrew*, 106 P.3d at 324; *see also Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388, 389 (1971) (holding that Fourth Amendment violation by federal agent acting under color of his authority gave rise to cause of action for damages directly under U.S. Constitution).

-3-

S, Pg 46 1235

Exh. O, pgs 3 of 6

brought against officials acting under color of federal authority.[6] We have not decided whether an analogous "*Bivens*-type remedy" exists for violations of the Alaska Constitution by officials acting under color of state authority.[7]

We do not have to decide that question here. In *McGrew v. State, Department of Health & Social Services, Division of Family & Youth Services*, we reasoned that because there were "adequate alternative avenues" to remedy any harm caused by the government's conduct, there was "no reason why the [plaintiffs] should have an additional means of challenging, through a tort suit, the alleged unconstitutionality of that conduct."[8] We noted that the "alleged misconduct occurred during existing judicial proceedings," in which the party had "opportunities to seek prompt judicial relief that might have avoided or remedied any harm they allegedly suffered."[9] We found those circumstances distinguishable from "cases in which grave governmental misconduct has immediate consequences that cannot be readily avoided or corrected in existing judicial proceedings."[10]

In this case, Pomeroy filed his civil lawsuit more than eight months before his criminal trial was to begin. The trial and pre-trial criminal process provides ample

---

[6]      *See Brown v. Philip Morris Inc.*, 250 F.3d 789, 800 (3d Cir. 2001) (holding that a *Bivens* action is "the federal equivalent of the § 1983 cause of action against state actors"); *Reuber v. United States*, 750 F.2d 1039, 1054 n.19 (D.C. Cir. 1984) ("In a case alleging a *Bivens*-type claim, federal rather than state action must be alleged in order to sustain the complaint.").

[7]      *McGrew v. State, Dep't of Health & Soc. Servs., Div. of Family & Youth Servs.*, 106 P.3d 319, 324 (Alaska 2005).

[8]      *Id.* at 324.

[9]      *Id.*

[10]      *Id.*

-4-

$S, \rho g \ 47$
1235

$Exh. O, pgs \ 4 \ of \ 6$

"alternative avenues" for remedying any constitutional violations allegedly caused by his attorneys during discovery. Furthermore, if Pomeroy has been convicted, he will have the right to a direct appeal as well as an opportunity to seek post-conviction relief for ineffective assistance of counsel. A *Bivens*-type action is therefore unnecessary to protect Pomeroy's state constitutional rights.

Pomeroy's brief also refers to AS 11.76.110 and AS 11.56.850. The former makes it a misdemeanor to interfere with the constitutional rights of another. This criminal provision does not create a private right of action.[11] The latter makes it a misdemeanor for a public servant to engage in official misconduct with "intent to gain a benefit or to injure or deprive another person of a benefit."[12] We have not recognized this provision as creating an implied private right of action, and, absent any briefing of the issue by Pomeroy, we decline to do so today.

Finally, Pomeroy argues that the lower court erred in failing to consider the "supporting facts" he submitted to the court "pursuant to the Court Order issued on February 9, 2005." Pomeroy's superior court brief was submitted to the court on the same day it dismissed his case. Pomeroy appears to have submitted it based on a misreading of the superior court's February 9, 2005 order. That order allowed the public defenders to submit a revised motion to dismiss in order to address Pomeroy's amended

---

[11]    *See* AS 11.76.110; *Belluomini v. Fred Meyer of Alaska, Inc.*, 993 P.2d 1009, 1015 (Alaska 1999) ("Alaska's criminal statute prohibiting interference with a constitutional right, AS 11.76.110, does not itself imply a purely private cause of action.").

[12]    AS 11.56.850.

$S_c$ $pg$ $48$

1235

Exh. O, pgs 5 of 6

-5-

complaint. But the public defenders declined to revise their motion to dismiss, leaving Pomeroy with no right to revisit or supplement his opposition to the motion to dismiss.[13]

Furthermore, even if the lower court had considered the facts Pomeroy proffered, the outcome of the dismissal motion would not have changed. As discussed above, Pomeroy's only possibly valid cause of action is precluded by his alternate avenues for remedying any constitutional violations he may have suffered. Nothing in Pomeroy's February 22, 2005 brief places this conclusion in doubt.

## IV.    CONCLUSION

We accordingly AFFIRM the superior court judgment dismissing Pomeroy's complaint.

---

[13]    *See generally* Alaska R. Civ. P. 77 (setting out the procedures for filing motions).

S, Pg 49   1235

Exh. O, pgs 6 of 6

-030-

To:       Barbra Brink                        April 30, 2003
          Public Defender Agency

From:     Richard D. Pomeroy
          Case 3AN-

Subject: Request For Information Pertaining to my Case

Dear Ms. Brink

       I, Richard Pomeroy named in said criminal case hereby
request from the office of the Public Defenders Agency a copy
of my Rule 45, 120 day cumulative tally sheet.

       I would also like a copy of any and all correspondence
in relation to Plea Bargins conducted by both parties, from
the time incarcerated upto March 7, 2003 when I last met with
a attorney from your agency.

       I was unsure who to send this request to being I have no
attorney untill May 5th, 2003.

       I thank you for your time and cooperation and request all
information pertaining to my case be mailed to me here at CIPT
as soon as possible.


                                   _Richard D. Pomeroy_
                                   Richard D. Pomeroy

CC: Jeff Mahlen                    _April 30th 2003_
                                   Dated this Day



S, Pg 50