To:     Barbra Brink                          May 7th, 2003
        Public Defender Agency

From:   Richard D. Pomeroy                    -032-
        Case: 3AN-02-10469

Subject: Second Request for Information Pertaining to my Case.

Dear Ms. Brink,

   On April 30th 2003, while at a hearing I gave a Mr. Lowrey two letters address to you and Mr. Mahlen requesting information dates, times and events that is essential to determining my Rule 45, 120 clock.

   I never recieved a response back from your agency. This second request is for the same information 1) CORRESPONDENCE ON ALL PLEA BARGINS that went on from the time of my arrest upto March 6th 2003, when I last saw a attorney from your office? 2) A copy of cumulative time sheet showing the true amount of time accumulated under my Rule 45, 120 day clock.

   I alos sent Mr. Mahlen a Affidavit to sign in regards to my attorney and I being placed in a NON-PRIVATE visiting room on three seperate occasions, were other inmates and officers at CIPT could overhear our conversations.

   Please respond as soon as possible so I can put my brief together in regards to Dates, Times and Events.

   I thank you for your time and cooperation and request all legal information be mailed to me hear at CIPT. I do not want any more fax, being they are not put in private envelopes.

                                              Richard D. Pomeroy

RECEIVED

MAY 09 2003

PUBLIC DEFENDER AGENCY
ANCHORAGE

S, P9. 51

- 033 -

To: Barbra Brink  
     Public Defender Agency

May 12, 2003

From: Richard D. Pomeroy  
      Case 3AN-02-10469

Subject: Freedom of Information Act Request.

Dear Ms. Brink,

    This request is submitted pursuant to the Freedom of Information Act, State and Federal (5 USC Section 552 and AS 09.25.110).

    I hereby request copies of all documents, notes, reports, memoranda, correspondence, and any and all other tangible items relating to my criminal case and located at the Public Defender Agency.

    If any such items are withheld from me on the claim of exemption, I request a description of each item withheld, and with respect to each, an explanation of the grounds for the claim of exemption

    I thank you for your time and cooperation in this matter of obtaining disclosure.

                                                Richard D. Pomeroy

S, pg 52

—035—

To:  Barbra Brink        May 13, 2003
    Public Defender Agency

From:  Richard D. Pomeroy
    Case 3AN-02-10469

Subject: Request for Copies of Tapes and Transcripts from Hearing's.

Dear Ms. Brink,

  On January 13, 2003, I attended a Bail Hearing. Present at this Bail Hearing was a Amanda Wilson sent from your agency to represent me.

  This Hearing was a nightmare for me and your representative did not show up with my case file. I had to whisper everything to hear while standing in front of the judge and other people (very unprofessional).

  A Kristine Rizzo showed up at this hearing and started shouting out allegation about me and in front of other people and inmates.

  This was very degrading and embarassing, and Amanda FAX to me (see attachment) mentions impeachment can I use this at my trial?

  At this time I request a copy of 1) Hearing Tape and transcript from 1/13/2003 hearing, 2) Hearing Tape and Transcripts from two Pre-Trial Conferences held 4/23/2003 and 4/30/2003.

  I thank you for your time and cooperation in this matter of disclosure.

                    *Richard D. Pomeroy*

*CC: Garry Gomberg*

S, pg 53

-040-

To:      Gary Soberay                              May 20, 2003
         Public Defender Agency

From:    Richard D. Pomeroy

Subject: Obtaining Information, Request and Actions that Need
         to be taken on Case.

Dear Mr. Soberay,

Thank you for coming by. Seventy two days went by since I last met with any council, I was ready to go Pro-Se on this case.

We have a lot of work to do on this case and want to get started with the listed actions and request.

First request: File a motion to move the court on reinstating the one week that I had wave and or sign a continuance on. At my last Pre-Trial Conference held on April 30, 2003, I had ask the Judge to reinstate my seven days I had wave on April 23, 2003. I explain that I was never inform on how this waiver affected my Rule 45, 120 day clock. He told me to have my Attorney file a motion. When I last met with Jeff Mahlen on March 6, 2003 we started the clock and I was told DA has eight days to indict. Given all said circumstances my Rul 45, 120 clock should expire at or around July 1, 2003. This could also change my Pre-Trial Conference date.

Second Request: I request we get a court order requesting all School Records on allege victim. The school Psychiatrist examination is vital to my defense, being it will reveal that child has emotional and education promblems in regards to mothers neglect over the years. Also report will show child was not making it to school. I ask Mr. Parish, (from your office) to investigate and get this order, please inquire about status.

S, pg 54

Note: Prior to mother attending her first Parent Teacher Conference, I drop mother off at Al's Alaskan Inn. She met Carol Asdaul there and they sat and drink for approximatly two hours before I pick her up and brought her to the meeting.

Third Request: I need the Public Defenders Agency to investigate Kristine boyfrind of three years "ROBERT" who she mentions on the "Tape Phone Call". He has a history of violent behavior to include three drinking and driving charges. On one occasion I had to pick Kristine up after Robert had punch her in the face, and on numerous occasions she would call me after they would get into fights.

Fourth Request: I request a copy of the tape and transscripts of the January 13, 2003, Bail Hearing I attended. During this hearing Kristine shouted out allegations at me. I was told she could have perjured herself. Please review transcripts or tape and let me know.

Fifth request: I request a motion be filed for dismisal on grounds the State on three seperate occasions place my Attorney and I in a Non-Private Room, were not only other inmates and CIPT staff could overhear our conversations, but that there was surveillance and monitoring equipment inside the room?

I am also confused that on some reports Kristine uses Rizzo and on other reports she uses Gennetti? Is this legal and should she not only be using one name.

Well this is all for now I will be working on the Class Warrent as we discuss. Also she said on the tape " I will not tell Robert" yes I felt threatend being I know his violent history.

S, pg 55

Enclosed you will find 1) Summary of Civil Actions, 2) Cover letter I use for my three civil actions against the State, 3) Child Suport Order, 4) Delegation of Parental Rights and Power of Attorney.

I would like to take this oppertunity to make sure that you in fact do have the time to handle this case and both of us working together. I do not want you communicating any of said request or actions to the DA. I will review any and all motions prior to them being presented to the court.

I thank you for your time.


P.S. Can we get a Court Order requesting all evidence use in the two Civil Action against me and also submitted to Allstate Insurance Comp.




*Richard D. Pomeroy* (signature)
Richard D. Pomeroy

S. P9 56

-045-

To:     Gary Soberay                          June 11, 2003
        Public Defender Agency

From:   Richard D. Pomeroy
        Case: 3AN-02-10467

Subject: Status of Motion to Surpress Evidence, and Submital
         of Motion to Grant Defendant Co-Counsel Status.

Dear Mr. Soberay,

   What is the status of our Motion to Surpress Tape Conversation, has it been done and if so please send me a copy to review.

   Enclose you will find a DRAFT copy of a Motion to Dismiss case. Please review, make changes if necessary than submit as soon as possible.

   Why have I not recieved any of the information I keep asking for from the Public Defender Agency?

   I will inform you I have decided to become Co-Counsel on said case, and at this time will be submitting a Motion requesting the Judge to grant me this status, plesae understand you will be driving the ship, I just want to make sure this case does't turn into another Exxon Valdez. Please let me know your opinion on this matter.

   I understand enclosed motion is a hot issue, and of course when I win my case, this matter will become "moot", if I happen to lose, than this will beome a hell of a reason for appeal.

   Thank you for your time.... and quit ignoring me..

                                              *signature*
                                              Richard D. Pomeroy

cc: *Barbra Hines*

S, Pg 57

*Please make copy of stamp received and...*