DAVID W. MÁRQUEZ
ATTORNEY GENERAL

Ruth Botstein
Assistant Attorney General
Office of the Attorney General
1031 W. 4th Ave., Suite 200
Anchorage, Alaska  99501
Telephone: (907) 269-5190
Fax: (907) 258-0760
Email: TWC_EFC@law.state.ak.us

Attorney for Defendants

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | | |
|---|---|---|
| RICHARD D. POMEROY, | ) | |
| | ) | |
| Plaintiff, | ) | Case No.: 3:06-cv-00099-TMB |
| | ) | |
| v. | ) | |
| | ) | |
| BARBARA BRINK; Supervisor Alaska | ) | |
| Public Defender Agency; GARY | ) | |
| SOBERAY; Assistant Public Defender; | ) | |
| and JEFF MAHLEN; Assistant Public | ) | **DEFENDANTS' REPLY IN SUPPORT** |
| Defender, | ) | **OF MOTION TO DISMISS FOR** |
| | ) | **FAILURE TO STATE A CLAIM** |
| Defendants. | ) | |
| | ) | |

Pomeroy's Opposition To Motion To Dismiss For Failure To State A Claim

And Request For Stay Pending Final Ruling On Plaintiff's Post Conviction Relief fails to

rebut the salient points raised in that motion: Pomeroy's complaint states no cognizable

claims, and he has failed to establish a jurisdictional basis for this court to hear his lawsuit.

Pomeroy appears to concede that, under *Heck v. Humphrey*,[1] his claim --

---

[1]    512 U.S. 477 (1994).

whether characterized as a § 1983 claim or a *Bivens* action -- cannot proceed unless he can demonstrate that his conviction or sentence has been invalidated.[2]  Implicitly acknowledging that he cannot make the required showing here, Pomeroy asks that the court compensate for this defect by staying the proceedings in this case until the conclusion of his state court post-conviction relief action.[3]  But a stay cannot save Pomeroy's claim from dismissal.  The rule of *Heck* is mandatory.  Unless and until Pomeroy can demonstrate that this underlying conviction has been vacated, his § 1983 or *Bivens* claim calling into question that conviction "is not cognizable," meaning that this court lacks a jurisdictional basis to consider it.[4]  In the absence of the required showing that the underlying conviction has been reversed, expunged, or otherwise called into question, the Supreme Court has made clear that dismissal, not stay, of a complaint like Pomeroy's is required:

> [W]hen a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, *the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.*"[5]

A dismissal without prejudice therefore is the required course of action here.  Should

---

[2]    *See id.* at 496-87; *Martin v. Sias*, 88 F.3d 774, 775 (9th Cir. 1996) (extending *Heck*'s holding to *Bivens* actions).

[3]    Opposition To Motion To Dismiss For Failure To State A Claim And Request For Stay Pending Final Ruling On Plaintiff's Post Conviction Relief (filed Sept. 5, 2006) at 4 [hereinafter Pomeroy Opp.].

[4]    *Heck*, 512 U.S. at 487.

[5]    *Id.* at 487 (emphasis added); *see also Martin*, 88 F.3d at 775 (extending *Heck*'s holding to *Bivens* actions).

Pomeroy successfully attack his conviction or sentence in another proceeding, he would be free to again assert his claims in this court. But under the rule of law articulated in *Heck*, it is clear that under the current facts, Pomeroy has no cognizable claim for relief. His lawsuit therefore must be dismissed.

In the alternative, Pomeroy asks that this court construe his claim as one for "malpractice" and allow it to proceed.[6] This request too must be denied. Pomeroy's substantive description his "malpractice" claim makes clear that the label "malpractice" is nothing than a new moniker for Pomeroy's untenable § 1983 claim. Pomeroy contends that "a malpractice lawsuit is proper jurisdiction for this federal court to hear claims of federal constitutional right violations by state officers."[7] But malpractice is a common-law tort claim, not a vehicle for vindication of constitutional rights. Because his underlying conviction has not been called into question, the *Heck* rule of law bars any § 1983 suit, any *Bivins* claim, and any "*Bivins*-type" claim for money damages arising out of his public defenders' representation of Pomeroy in the underlying criminal matter. Pomeroy cannot escape this rule of law by renaming his federal constitutional claim as "malpractice," when it is clear that Pomeroy in fact is attempting to make a constitutional claim under § 1983 or *Bivens*.

To the extent that Pomeroy wishes to reformulate his action into a tort claim for malpractice, it is still subject to dismissal, because common-law tort claims do not lie within

---

[6]     Pomeroy Opp. at 2-3.

[7]     *Id.* at 3.

this court's limited jurisdiction.  Malpractice is a tort cause of action governed by state law.

In the absence of any surviving federal cause of action conferring federal jurisdiction, district

courts should not assert jurisdiction over a state law tort claim.[8]

As the plaintiff in this action, Pomeroy has the burden of establishing

jurisdiction to hear his claims in the district court, a court of limited jurisdiction.[9]  Pomeroy

has not done so here.  This court therefore should dismiss all of his claims for relief.

DATED this 14th day of September, 2006 at Anchorage, Alaska.

DAVID W. MÁRQUEZ
ATTORNEY GENERAL

By:    s/ Ruth Botstein
Assistant Attorney General
Office of the Attorney General
1031 W. 4th Ave., Ste. 200
Anchorage, AK 99501
Phone: (907) 269-5190
Fax:    (907) 258-0760
Ruth_Botstein@law.state.ak.us
TWC_ECF@law.state.ak.us
ABA No. 9906016

This is to certify that on this date, a copy of the foregoing
Reply in Support of Motion to Dismiss is being mailed to:

Richard D. Pomeroy
529 W. 75th Ave., # 1
Anchorage, AK 99518

s/ Ruth Botstein  9/14/06

---

[8]    *See United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966) ("[I]f the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well.").

[9]    *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994); *In Re Hunter*, 66 F.3d 1002, 1005 (9th Cir. 1995).