DAVID W. MÁRQUEZ
ATTORNEY GENERAL

Ruth Botstein
Assistant Attorney General
Office of the Attorney General
1031 W. 4th Ave., Suite 200
Anchorage, Alaska 99501
Telephone: (907) 269-5190
Fax: (907) 258-0760
Email: TWC_EFC@law.state.ak.us

Attorney for Defendants

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| RICHARD D. POMEROY,            )<br>                                                          )<br>           Plaintiff,                         )<br>                                                          )<br>     v.                                                )<br>                                                          )<br>BARBARA BRINK; Supervisor Alaska )<br>Public Defender Agency; GARY        )<br>SOBERAY; Assistant Public Defender; )<br>and JEFF MAHLEN; Assistant Public  )<br>Defender,                                         )<br>                                                          **)**<br>                                                          )<br>           Defendants.                     )<br>_____ ) | Case No.: 3:06-cv-00099-TMB<br><br><br><br><br><br><br><br>**DEFENDANTS' RESPONSE TO PLAINTIFF'S "STATUS REPORT AND PROPER JURISDICTION"** |

Pomeroy's October 19, 2006 pleading entitled "Status Report and Proper Jurisdiction" is procedurally improper and legally irrelevant. Though styled as a "status report," Pomeroy's pleading is not a status report of any kind. Instead, Pomeroy presents additional argument and authority in opposition to defendants' Motion To Dismiss. Pomeroy should not be permitted to take an additional bite at the apple in this manner. The

time for briefing on defendants' motion is long past. Pomeroy filed an opposition to the Motion To Dismiss on September 1, 2006. He then filed an additional opposition on September 19, 2006: Titled Response To Defendant's Request For Case To Be Dismissed Without Prejudice, this pleading effectively is a surrebuttal to defendants' Motion To Dismiss. Although the Rules of Civil Procedure do not seem to contemplate this type of surrebuttal pleading, defendants did not object to the filing, largely because Pomeroy is a pro se litigant and may be entitled to some leeway with respect to strictly following the dictates of the procedural rules. But, even pro se litigants should not be permitted to endlessly make additional arguments with respect to motions that are fully briefed. There is nothing in Pomeroy's most recent pleading that could not have been argued to the court in the two pleadings on the merits of the motion to dismiss that Pomeroy already filed,[1] and Pomeroy does not and cannot explain why he failed to make these arguments in a timely fashion. This court can and should decide the pending motion on the existing record, and should not consider Pomeroy's October 19 "Status Report and Proper Jurisdiction."

Even if the court does consider Pomeroy's brand new arguments, they are unavailing. Pomeroy now presents a new justification for his § 1983 claim against defendant Brink. Pomeroy relies on *Miranda v. Clark County*.[2] In that case, the Ninth

---

[1] The one case Pomeroy now cites to the court, *Miranda v. Clark County*, 319 F.3d 465 (9th Cir. 2003), is not a recently-decided case. It was issued on February 3, 2003.

[2] 319 F.3d 465 (9th Cir. 2003).

Circuit permitted a § 1983 claim to go forward against the head of the public defender's office in Clark County, Nevada. Miranda's conviction was overturned due to ineffective assistance of counsel.[3] He then sued his public defender and the administrative head of the public defender's office under § 1983. Miranda's theory of liability against the administrator was that he promulgated two office policies that operated to deprive Miranda of his constitutional rights.[4] One policy required all criminal defendants to take polygraph examinations; if the polygraph results indicated that the client was not truthfully asserting his innocence, the public defender's office allocated only minimal resources to that client's defense. The second harmful office-wide policy alleged by Miranda was the deliberate and willful failure to adequately train lawyers to defend capital cases. Miranda's complaint alleged that the office administrator did not personally take any actions with respect to Miranda's representation; the only asserted basis of liability was the promulgation and enforcement of office policies that were deliberately indifferent to his constitutional rights.[5] The Ninth Circuit held that, under these facts, the office administrator a statue actor who could be sued under § 1983, because he was not acting as Miranda's attorney. Instead, his actions were resource allocation decisions that potentially could subject him to liability

---

[3] *See id.* at 467.

[4] *See id.* at 467-68, 469-71.

[5] *See id.* at 469-71.

under § 1983.[6]

The *Miranda* decision does not save Pomeroy's complaint against defendant Brink from dismissal. First, and most fundamentally, Pomeroy still cannot make the required showing under *Heck v. Humphrey*,[7] which requires dismissal of Pomeroy's § 1983 claim unless and until he can demonstrate that this underlying conviction has been vacated.[8] In *Miranda*, the plaintiff's conviction was overturned on the basis of ineffective assistance of counsel before he filed his § 1983 suit.[9] Pomeroy's conviction has not been overturned. His § 1983 claim therefore is not viable at this time.

*Miranda* also is factually distinguishable. Although defendant Brink was in charge of the Public Defender Agency during the time that the Agency represented Pomeroy, the similarity to Miranda's claims end there. Unlike Miranda, Pomeroy is not challenging office-wide policies or resource allocation decisions. Instead, Pomeroy's complaint alleges that Brink harmed him by refusing to return Pomeroy's phone calls, assigning an inappropriate attorney to his case, and refusing to produce documents he requested under the Freedom of Information Act.[10] These acts concern Pomeroy's personal

---

[6] *See id.*

[7] 512 U.S. 477 (1994).

[8] *See id.* at 487.

[9] *See Miranda,* 319 F. 3d at 467.

[10] *See* Complaint ¶¶ 7-9.

experience as a criminal defendant and Brink's exercise of her professional judgment; they are not examples of generally-applicable resource allocation decisions that fall within *Miranda*'s holding. Even the allegation that Brink improperly exercised her supervisory authority by assigning an inexperienced attorney to represent Pomeroy is not sufficient to bring Pomeroy's allegations within *Miranda*'s scope. The *Miranda* court specifically distinguished allegations like Pomeroy's when it explained that Miranda's claims could proceed only because he alleged "not merely an isolated assignment of an inexperienced lawyer, but a deliberate pattern and policy" in violation of the constitution.[11] Because Pomeroy's claims against Brink concern only his personal experience as a criminal defendant, they do not fall within the scope of *Miranda*'s holding. Brink cannot be sued under § 1983 in this case.

This court should grant defendants' Motion To Dismiss. The court need not consider Pomeroy's October 19 pleading, as it is procedurally improper and untimely. But even if the court considers Pomeroy's new theory, it cannot save his claims from dismissal. The court lacks jurisdiction over Pomeroy's § 1983 claim unless and until his criminal conviction is overturned, and Brink cannot be sued under § 1983 for actions as an attorney representing Pomeroy.

---

[11] *Miranda*, 319 F.3d at 471.

DATED this 25th day of October, 2006 at Anchorage, Alaska.

                DAVID W. MÁRQUEZ
                ATTORNEY GENERAL

By:   s/ Ruth Botstein
       Assistant Attorney General
       Office of the Attorney General
       1031 W. 4th Ave., Ste. 200
       Anchorage, AK 99501
       Phone: (907) 269-5190
       Fax:    (907) 258-0760
       Ruth_Botstein@law.state.ak.us
       TWC_ECF@law.state.ak.us
       ABA No. 9906016

This is to certify that on this date, a copy of the foregoing Defendant's Response to Plaintiff's "Status Report and Proper Jurisdiction is being mailed to:

Richard D. Pomeroy
529 W. 75th Ave., # 1
Anchorage, AK 99518

s/ Ruth Botstein  10/25/06

Defendant's Response to Plaintiff's
"Status Report and Proper Jurisdiction"
Pomeroy v. Brink
Case No.: 3:06-cv-00099-TMB
Page 6 of 6