RECEIVED

OCT 2 3 2006

CLERK, U.S. DISTRICT COURT
ANCHORAGE, ALASKA

IN THE UNITED STATES DISTRICT COURT

FOR THE STATE OF ALASKA

RICHARD D. POMEROY                    )
                                      )
                Plaintiff,            )
                                      )
        vs.                           )        Case No. 3:06-cv-00099 TMB
                                      )
BARBARA BRINK; Supervisor Alaska      )
Public Defender Agency; GARY          )
SOBERAY; Assistant Public Defender;   )        **STATUS REPORT AND**
and JEFF MAHLEN; Assistant Pubic      )        **PROPER JURISDICTION**
Defender,                             )
                Defendant(s)          )
_____)

On August 12, 2006, plaintiff filed with the Superior Court an Amendment to

consolidate the above mention defendant's into plaintiffs' Post-Conviction Relief case

3AN-06-06790. On September 28, 2006, the Superior Court granted plaintiff's

amendment request. On October 13, 2006, the Superior Court also granted plaintiff's

request for the transfer of plaintiff's criminal case file over to plaintiff.

**PROPER JURISDICTION**:

On about September 18, 2006, plaintiff filed an opposition motion to the states

request to have this case dismiss without prejudice. In plaintiffs' response 'malpractice'

was cited as a proper jurisdiction, however, this is not the proper jurisdiction for

defendant Barbara Brink Supervisor of the Office of Public Defenders, pursuant

to the 2003 9th Circuits ruling as follows:

The 9th Circuit in *Miranda v. Clark County, Nevada; Morgan Harris; Thomas*

*Riosby*, No. 00-15734, ruled that Public Defender's can be sued and/or held liable.

The proper jurisdiction to file claims against public defenders is found under

Federal Law 42 U.S.C. Section 1983.

In Miranda v. Clark County the 9th Circuit Ruled as follows;

> "Harris, the administrative head of the County Public
> Defender's Office, is different insofar as that Harris
> function was administrative, and functioning as a
> State actor as such can be held liable"

Defendant Barbara Brink is the Supervisor of the Office of the Alaska State Public

Defender Agency. Ms. Brink by the standards set out in *Miranda v. Clark*, is also a state

actor, and can be held liable for misconduct, however, the complaint must be filed under

42 U.S.C. Section 1983. The other two (2) defendants' both (assistant public defenders)

must be held to the standards of competence and integrity as a private lawyer and as such

can be held liable under malpractice lawsuits.

Given the above mention case law plaintiff moves this court to accept a 1983

package as part of plaintiffs' complaint, upon final resolution of post-conviction relief

and exhaustion of all state remedies.

Dated this _19th_ day of, _October_ _,2006, at Anchorage

Alaska.

_Richard Pomeroy_
Richard D. Pomeroy
Pro-Se Counsel

**CERTIFICATION**

I certify a copy of the foregoing was
Mailed to the following: _Ruth Botsein_

on: _10/20/2006_

by: _Richard Pomeroy_

'Status Report'
Pomeroy v. Brink et al,
Case 3:06-cv-00099-TMB
Page 3 of 3